### Tappan *vs.* Gray.

The provision of the revised statutes authorizing the governor to supply vacancies that happen during the recess of the senate in offices to which an appointment has been made by the governor with the consent of the senate, does not authorize him to make an appointment where the office is not actually vacant, and where the duties of the office continue to be performed by the officer whose term of office has expired, as authorized by a previous section of the revised statutes.

Where a flour inspector was illegally appointed by the governor, during the recess of the senate, and was in the actual discharge of the duties of the office, and the former inspector claimed the right to hold over until a successor was duly appointed by the governor with the consent of the senate ; *Held,* that the court of chancery had no jurisdiction to appoint a receiver to discharge the duties of the office until the rights of the parties could be legally determined, or to receive the fees and emoluments of the office in the meantime.

Although the constitution has prescribed a particular mode of appointing certain officers, and has limited the term of office in particular cases, it is competent for the legislature to provide for a temporary discharge of the duties of the office until such office can be filled in the manner prescribed by the constitution.

THIS was an appeal by the defendant Gray from the decision of the vice chancellor of the first circuit overruling a

demurrer to the complainant's bill. On the 28th of April, 1837, the complainant was appointed by the governor, with the consent of the senate, to be the inspector of flour for the city of New-York, in the place of Farr the then incumbent, whose term of office was to expire on the 9th of May then next. He accepted the office and entered upon the duties thereof on the 8th of May, 1837, and continued to discharge those duties until the alleged intrusion of the defendant into such office on the 27th of May, 1839. The legislature adjourned its session in the last mentioned year on the 7th of May; and on the 23d of the same month the governor, without having obtained the previous consent of the senate, appointed and commissioned the defendant to be the flour inspector of New-York, in the place of the complainant. The bill, after setting forth these facts, alleged that the defendant, claiming by virtue of such appointment to be the duly qualified flour inspector, did upon the 23d of May, 1839, intrude himself into that office and enter upon the discharge of its duties, and oust the complainant from the office; and was continuing to discharge its duties, and to receive the fees and emoluments thereof, at the time of filing the bill in this cause in June of the same year. The complainant also charged in his bill that the defendant was wholly insolvent and unable to respond to him for the fees and emoluments of the office which might be received by Gray before the question as to his right to the office could be settled by legal proceedings, which had been instituted for that purpose; and concluded with a prayer for an injunction and receiver, and for general relief.

The vice chancellor decided that the bill showed a prima facie case of intrusion by the defendant into an office belonging to the complainant; and that the insolvency of Gray was sufficient to sustain the bill, for the preservation of the fees and emoluments of the office until the right to the same could be determined by the proper tribunal, upon an information in the nature of a quo warranto. He therefore overruled the demurrer and ordered the defendant to answer the bill. (*See* 3 *Edw. Ch. Rep.* 452.)

*D. Graham*, for the appellant.

*J. W. Edmonds*, for the respondent.

THE CHANCELLOR. If the vice chancellor was right in the conclusion, that the complainant was entitled to discharge the duties of the office of flour inspector, after the appointment by the governor during the recess of the senate, and that such appointment of the defendant to the office was illegal and unauthorized, I think he erred in supposing that this court had jurisdiction to afford the complainant any relief, at this time. This court certainly ought not to assume the jurisdiction to oust an officer in no way connected with the administration of justice here, and over whose appointment it has no control, from an office, the duties of which he is discharging under color of an appointment from the executive of the state, until his right to such office has been settled in the mode prescribed by the revised statutes for the determination of his claim. That, however, would be the necessary effect of an injunction, such as is prayed for in this case. For the receiving and intermeddling with and enjoying the fees, profits, and advantages of the office, are so connected with the proper discharge of the duties of the office itself, that they could not be separated without rendering the office of no benefit whatever to the defendant, should he finally succeed in establishing his right to it on the quo warranto. Such relief, therefore, could not be granted without depriving the public of the benefit which the inspection law contemplates, until the termination of this litigation. And it would be equally inconsistent with public policy, and the rights of those who are interested in having the duties of the office properly discharged, to appoint a receiver of the fees and emoluments of such an office. The appointment of a receiver to discharge the duties of the office, in connection with the receipt of the fees and emoluments, would be still more objectionable in principle ; as it would in effect be the assumption of a right by this court to make a tem-

porary appointment of a public officer, whose appointment is by law required to be made by the executive department of the government.

The question as to the power of the governor to appoint the defendant during the recess of the senate, is one which is not without its difficulties. By the 15th and 16th sections of the title of the revised statutes relative to administrative officers, (1 *R. S.* 115,) inspectors of flour are to be appointed by the governor with the consent of the senate, and to hold their offices for two years. And by the 42d section of the next succeeding title, (*Idem*, 123,) the governor is authorized to supply all *vacancies*, which may happen during the recess of the senate, in any office to which an appointment shall have been made by the governor with the consent of the senate, except the office of chancellor, &c., by granting commissions which shall expire at the end of twenty days from the commencement of the next meeting of the senate. This provision embraces masters in chancery and some other officers, who by the constitution, are only to be appointed by the governor with the consent of the senate. But as it was merely intended to make a temporary provision for the performance of the duties of these offices until the offices could be filled in the constitutional mode, I presume it is within the legitimate powers of legislation. And similar provisions are made, in other parts of the revised statutes, for the temporary discharge of the duties of comptroller, treasurer, sheriff, county clerk, &c., in a manner different from the constitutional mode of election or appointment. In the case under consideration the complainant was appointed to the office of flour inspector, to supply the place of an incumbent whose term of office would expire on the 9th of May, 1837. And as he alleges in his bill he did not enter upon the duties of the office previous to the 8th of that month. The vacancy in his office, if any, must therefore have occurred after the adjournment of the legislature, on the 7th of May, 1839. And if the provisions of the revised statutes to which I have referred were alone to be considered in determining

the question, I think there could not be any reasonable doubt that this office became vacant at the end of the two years, and during the recess of the senate; so as to authorize the governor to make a temporary appointment to supply such vacancy.

But the sole object of these temporary appointments, and in a mode different from that prescribed by the constitution, is supposed to be for the purpose of preventing a public injury for the want of some person to discharge the duties of the office until a regular appointment can be made. The counsel for the complainant, therefore, insists that there cannot be a *vacancy* in the office, within the intent and meaning of the 42d section before referred to, while the former incumbent continues to discharge the duties of such office, under the section which authorizes him to do so until a successor in the office is duly qualified. (1 *R. S.* 117, § 9.) That section expressly provides that every officer duly appointed, except the chancellor, justices of the supreme court and circuit judges, who shall have duly entered on the duties of his office, shall continue to discharge the duties thereof, although his term of office shall have expired, until a successor in such office shall be duly qualified. It will be seen that this provision is very extensive in its operation; and, like those giving the governor the power to supply vacancies by temporary appointments, it not only embraces a class of officers the duration of whose offices is within the control of the legislature, but also many of another class the limitation of whose terms of office is fixed by the constitution. There is much reason to doubt, therefore, whether the *vacancies* which are to be supplied temporarily by the governor, under the 42d section and other provisions of the statutes, embrace the class of cases in which provision is made for a temporary discharge of the duties of the office by the person whose term of office has expired by lapse of time, and who continues to discharge those duties. This view of the question is strengthened by the opinion of the late chief justice in the case of *The People* v. *Van Horne*, (18 *Wend. Rep.*

518.) In reference to a similar provision authorizing town officers to hold over until their successors in office were duly elected or appointed and qualified, he says, an office cannot be said to be *vacant* while any person is authorized to act in it, and does so act.

In the case under consideration the complainant was authorized to perform the duties of the office after the expiration of the two years for which he was appointed, and did so continue to perform them until after the appointment of the defendant to the same office, by the governor without the consent of the senate. I conclude, therefore, that the defendant, at the time of filing the complainant's bill, had intruded himself into an office which he was not then legally entitled to, under the provisions of the revised statutes, and that the complainant is entitled to the fees and emoluments of the office until he is superseded by a valid appointment of a successor. But upon the ground that at the time of the filing of this bill the court of chancery had no jurisdiction or power to afford him any relief, the decree of the vice chancellor must be reversed and the demurrer allowed.