## THE CITY OF BUFFALO, PLAINTIFF, *v.* GUSTAVUS E. MACKAY AND EDWARD TOBIE, DEFENDANTS.

*Title to office — how triable — "Annually appoint."*

In this action submitted upon agreed facts, under section 1279 of the Code of Civil Procedure, the city of Buffalo asked the court to determine which of the two defendants was entitled to the office of health physician of the city, in order that it might pay to him his salary.

*Held,* that the right to the salary depended upon the right to the office, and that the right to a public office could only be tried in an action in the name of the people.

*Semble,* that under a statute providing that a Board of Health shall *annually* appoint a health physician, a resolution making such appointment if duly adopted, entitles the appointee to the office for one year, and a resolution adopted at a subsequent meeting of the board rescinding such first resolution, although adopted before a delivery of a copy thereof to the appointee, is void.

CONTROVERSY submitted, without action, under section 1279 of the Code of Civil Procedure.

Among other facts set forth in the submission, were the following: The question to be submitted by this case and the rights of the respective parties arose and accrued under chapter 519 of the Laws of 1870, known as the revised charter of the city of Buffalo, and the several acts amendatory thereof, under the facts hereinafter stated. It is stated that the common council of the said city of Buffalo met, in regular session at the council chambers in said city, on the first Monday of January, 1878, and duly elected by ballot Hon. John B. Sackett to preside over its meetings for the then ensuing year. That at all the times mentioned in this case John C. Sheehan was the comptroller and George Von Berge was the engineer of said city. That heretofore and on the 10th day of January, 1878, the said president of the common council, comptroller and engineer, each being *ex officio* a member of, and the three constituting the board of health of said city, met therein and duly organized a meeting or session of the said board of health: When the following proceedings were had, viz : "On motion of Mr. Sheehan the board of health proceeded to vote for a person to be appointed by the board as health physician of said city;

when two members thereof voted for the defendant Gustavus E. Mackay and one member thereof for Dr. Lothrop, and thereupon the clerk of said board entered in his minutes as follows : " Dr. G. E. Mackay having received a majority of the votes given, was declared duly elected health physician for the ensuing year." The said board thereupon adjourned to the 18th day of January, 1878, and no further proceedings were had. No notice of the proceedings of such meeting or of such election was ever, by the authority of the said board of health, given to the defendant Gustavus E. Mackay, although one of the members of said board and the clerk thereof, on the day of said meeting, verbally informed him of such proceedings.

On the 12th day of January, 1878, the defendant Mackay took the oath provided by section 21 of title 2 of plaintiff's charter and filed the same in the office of the clerk of said city. The defendant Mackay did not notify the board of his acceptance of the office of health physician, but on the 21st day of January, 1878, he sent to the Common Council of the city of Buffalo, a notice of which the following is a copy :

" To the Honorable, the Common Council of the City of Buffalo :
" The undersigned was appointed by the board of health of the 'ty of Buffalo on the 10th day of January, 1878, to be the health 'hysician of that city for the ensuing year. I deem it but the ·oper exercise of good faith towards the city to notify your norable body of my appointment and acceptance of the same .l my readiness to perform its duties.
" Dated BUFFALO, *January* 18, 1878.
" GUSTAVUS E. MACKAY, M. D.
" 39 Franklin Street.
" By WALKER & TITUS, his Attorneys."

That the said board of health, pursuant to adjourment, again met in said city on the 18th day of January, 1878, all of its members being present ; and having duly organized its second meeting, a resolution was introduced by one of its members in the following words :

*Resolved.* That the action of the board on the appointment of

Gustavus E. Mackay on the tenth instant, as Health Physician of the City of Buffalo be and the same is hereby rescinded.

A vote of the members by ballot was thereupon taken, when two of the members voted in favor of the adoption of said resolution and one against it, and said resolution was thereupon declared adopted. A further resolution was then, and at the same meeting introduced by one of the members of said board of health in the words following :

*Resolved.* That Gustavus E. Mackay be and he is hereby removed from the office of Health Physician of the city of Buffalo, and that the clerk of this board serve a proper notice of this action of the board, on the said Gustavus E. Mackay.

A vote of the members was thereupon taken upon the adoption of said last mentioned resolution, when two of the members voted in favor of its adoption and one against it, and the said resolution was thereupon declared adopted, and notice of such action of said board was thereupon given said Mackay. That thereupon and at the same meeting thereof the said board of health proceeded to the selection of a health physician in place of said Doctor Mackay, and resolved, that one Edward Tobie be the health physician of the city of Buffalo, and declared that the said Edward Tobie having received a majority of the votes given was duly elected health physician for the ensuing year, which proceedings were thereupon and on the 21st day of January, 1878, communicated to the said Tobie, the person above mentioned by direction of said board, and that afterward and on the —— day of January, 1878, the said Tobie notified the said board of health of his acceptance of said appointment, and he thereafter, and on the 25th day of January, 1878, made and filed in the office of the city clerk the oath of office prescribed by section 21 of title 2 of said charter, and thereupon entered upon the performance of the duties of health physician of the city of Buffalo, and from thence hitherto has performed and still is performing such duties, and has since that time been and now is recognized by a majority of the board of health as the health physician of the city of Buffalo, and since the appointment of the said Tobie, the said Doctor Mackay has not been recognized as such health physician by a majority of the board of health.

Section two of title twelve of chapter 519 of the Laws of 1870, is as follows: "Section 2. The board of health shall annually appoint a health physician and may prescribe his duties."

*P. A. Matteson* (City Attorney), for the plaintiff.

*Walker & Titus*, for the defendant, Mackay.

*Delavan F. Clark*, for the defendant, Tobie.

SMITH, J.:

This action is in the nature of a bill of interpleader, wherein the city of Buffalo asks to have it adjudged which of the defendants is rightfully entitled to the office of health physician of said city, in order that the city may pay to the defendant so entitled the salary incident to said office, which salary is claimed by both. It is obvious that the right to the salary depends upon the right to the office, and consequently no judgment can be rendered herein without trying the title to the office. The office of health physician of the city of Buffalo is a public office. The mode prescribed by law of trying the title to a public office is by an action in the name of the people of the State. (Code of Procedure, § 432.) It has been held that the provisions of the Code authorizing such action furnish the only remedy for the trial and determination of such questions, and that they prohibit their trial in any other manner. (*Palmer* v. *Foley*, 45 How. Pr. R., 110 ; see, also, *Tappan* v. *Gray*, 9 Paige, 507; affirmed, 7 Hill, 259.) The only exception is the summary remedy given by statute (1 R. S., 603, § 5), on complaint respecting the election of officers of an incorporated company. It follows that in this action the right to the office cannot be determined. The people of the State are not made a party, and their presence is necessary in a controversy in which the title to a public office is to be adjudged. It follows, also, that we cannot determine the right to the salary, which is a mere incident to the office. Any judgment we might give in this action as to the salary would be nugatory, as it would not bar an action in the name of the people to determine the title to the office. In this action we cannot oust the incumbent of the

office, although we may think he is an intruder, and that his opponent is entitled to the office. So that if a valid judgment for the salary can be given in this action, the anomaly may be presented of the office being held and its duties performed by one person and its salary awarded to another. It is plain, therefore, that the question submitted to us cannot be adjudged in this case.

We infer, however, from what was said on the argument, that an expression of our opinion as to the right to the office (a question which was argued very fully before us), may obviate the necessity for further litigation. We think it advisable, therefore, to say that we are unanimously of the opinion that the resolution adopted by the board of health, on the tenth of January, 1878, and entered by the clerk in the minutes, was, if duly signed, sufficient evidence of the appointment of Dr. Mackay; that, in the absence of proof to the contrary, it is to be presumed that the resolution was signed by the proper officer, so as to make the appointment valid; that the presumption is warranted by the fact that the resolution of the eighteenth of January, treated the previous resolution as a valid appointment, and assumed to rescind it; that a delivery of a copy of the first resolution to the appointee named therein was not necessary to the validity of the appointment, and a verbal notice thereof from the clerk was a sufficient notice, if any was needed; that Dr. Mackay, by virtue of such appointment, and of his acceptance and taking the oath of office, was entitled to the office for the term of one year thereafter; that the subsequent action of the board in assuming to rescind his appointment and to appoint Dr. Tobie was unauthorized and void, and that Dr. Mackay is entitled to the office, and consequently to the salary.

But, for the reasons already expressed, the proceedings are dismissed without judgment and without costs to either party.

Present — TALCOTT, P. J., SMITH and NOXON, JJ.

Proceedings dismissed, without judgment and without costs to either party.