# THE PEOPLE *ex. rel.* The Illinois Midland Railway Company

## *v.*

## THE SUPERVISOR OF BARNETT TOWNSHIP.

*Filed at Springfield September 30, 1881.*

1. ATTORNEY AT LAW—*presumption as to authority.* Where a proceeding purports to have been instituted by the party whose name appears of record, by his attorney, who is an attorney of this court, the presumption of the authority of the attorney will prevail over the bare statement by the defendant to the contrary, unsupported by affidavit.

2. MANDAMUS—*of an alias peremptory writ of mandamus to the successor in office.* Where a peremptory writ of *mandamus* has been awarded against the supervisor of a town, commanding him to execute, in behalf of the town, certain bonds to the relator, and the officer has not obeyed the command of the writ, and his term of office has expired, an *alias* peremptory writ may properly be awarded against his successor in office, to compel him to perform the acts which the former had been by the first writ ordered to perform. This is but a repetition of the writ against the same party represented by another person. It is not making a new party, or any amendment to the judgment or record, within any rule not allowing amendments. The duty upon the officer first commanded to execute it, is a continuing duty upon him and his successors in office until it is performed.

3. OFFICE AND OFFICER—*tenure of office—effect of resignation as ending the term before successor is qualified.* Where the tenure of an office is fixed for a specified period of time, "and until a successor shall be elected or appointed, and *qualified*," the mere expiration of the specified period of time for the duration of the term of office will not operate to vacate the office, or to impair the powers of the officer to continue in the performance of the duties of the office, nor will the election or appointment alone of his successor have any such effect, for there must be superadded to the election or appointment of a successor, his *qualification*, in order to the complete divestiture of the prior incumbent of his official authority.

4. No distinction in this regard is to be taken between a resignation, and the expiration of the time fixed for the holding of the office. A resignation, and its acceptance, ends the term of office, the same as the expiration of the time of the tenure of the office does, and no more effectually. Whatever power there is in the latter case to act officially until the qualification of a successor, must exist equally in the case of a resignation.

5. In this case a peremptory writ of *mandamus* was awarded to compel the supervisor of a town to execute, in behalf of the town, certain bonds to the relator. The supervisor did not obey the command of the writ. After

his term of office expired and his successor was duly elected and qualified, a rule was entered against the latter to show cause why an *alias* peremptory writ should not be awarded to compel him to perform the acts which his predecessor in office had been by the former writ ordered to perform. The respondent, among other things, gave as a reason why the *alias* writ should not issue, that prior to the entering of the rule he had resigned his office of supervisor, and his resignation had been accepted, and that his successor in office had been elected. But it did not appear that the person so alleged to have been elected had *qualified*. So the rule was made absolute, and the *alias* peremptory writ was awarded against the respondent, notwithstanding his resignation.

This was an application to this court for an *alias* peremptory writ of *mandamus*, to compel the present supervisor of Barnett township to perform a duty which his predecessor in office had refused to perform, as indicated in *The People ex rel.* v. *Supervisors of Barnett Township*, 91 Ill. 422.

Mr. T. C. MATHER, Mr. S. D. SCHOLES, and Mr. GEO. H. ESTABROOK, for the relator.

Messrs. MOORE & WARNER, for the respondent.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

A rule of this court, based upon an affidavit filed by the relator, was entered in this cause on January 13, 1881, against Lyman Barnett, to show why he should not be made party defendant to this suit, and why an *alias* writ of *mandamus* should not be issued to him, commanding him to perform the acts which his predecessor in office was, by the former writ in the case, ordered to perform, which was, to execute, on behalf of the town of which he was supervisor, certain bonds to the relator. The respondent made return to the rule, to which the relator has demurred.

The first cause shown in the return against the rule is, that neither the railway company nor its receiver has authorized this proceeding. It purports to be instituted by the railway company by its attorney, who is an attorney of this court,

and the presumption of his authority in this regard will prevail over the bare statement, unsupported by affidavit, of the return to the contrary.

The second and third causes are, that there has before been issued and served one peremptory writ of *mandamus* to the supervisor of the town, and that no new party or amendments can now be made to the judgment and record, and that an *alias* writ of peremptory *mandamus* can not issue,— that the power of the court was exhausted by the issuing of the first writ.

We do not regard the relator as seeking by this rule to make a new party or any amendment, within any rule not allowing of amendments, but only as simply asking an *alias* writ like the first, directed against the supervisor of the town of Barnett, commanding the performance of this ministerial duty, which is a continuing duty upon the supervisor and his successors in office until it is performed. It is but asking for the repetition of the writ against the same party, represented by another person.

In High on Extraordinary Remedies, sec. 38, it is stated, where a continual and perpetual duty is incumbent upon certain public officers, the fact that the officers hold their tenure by annual elections will not prevent the court from interfering, since the duty being continuing in its nature, may be enforced against the officers generally, and their successors.

Section 8 of the Mandamus act provides, that "the death, resignation or removal from office, by lapse of time or otherwise, of any defendant, shall not have the effect to abate the suit, but his successor may be made a party thereto, and any peremptory writ may be directed against him."

In *Reece* v. *Watertown*, 19 Wall. 117, where there had been three peremptory writs of *mandamus* issued by the circuit court in the case, it was remarked, in reference to such a writ, that it might be repeated as often as the occasion required.

The fifth and last cause shown in the return is, that on June 2, 1879, respondent resigned his office of supervisor of the town, and his resignation was accepted, and that at the next election held in the town his successor was elected supervisor of the town.

Section 92 of the Township Organization act, Rev. Stat. 1874, p. 1078, provides, that "town officers, except as otherwise provided, shall hold their offices for one year, and until others are elected or appointed in their place, and are qualified." This is the provision which applies here, there being no provision otherwise in respect to the supervisor's term of office. Section 61 reiterates the same provision—that they shall hold their offices for one year, and until their successors are elected, and qualified. Section 100 provides, that any two justices of the peace of a town may, for sufficient cause shown to them, accept the resignation of any town officer of their town. Section 85 provides, that every person elected or appointed to the office of supervisor, etc., before he enters upon the duties of his office, and within ten days after notification of his election or appointment, shall take and subscribe the oath or affirmation of office prescribed by the constitution, which shall, within eight days thereafter, be filed in the office of the town clerk. Section 86 provides, that if any person elected or appointed to either of the offices enumerated in section 85 shall neglect to take and subscribe such oath, and cause the certificate to be filed as above required, such neglect shall be deemed a refusal to serve. And section 101 provides, that the supervisor, before entering upon the duties of his office, shall give bond to the town, with sureties, for the faithful discharge of his duties as such supervisor.

The statement in the return, as also the affidavit in verification of it, are silent as to the qualification of a successor, while the affidavit upon which the rule was granted, as also affidavits subsequently filed in support thereof, allege that respondent is still supervisor, and that his successor, though

elected, never qualified. The relator insists that respondent can only cease to be supervisor, where the rights of creditors are concerned, by both the election and *qualification* of a successor. We are disposed to concur in this view.

This provision that officers shall hold their offices for a time named, *and until their successors are elected and qualified,* is not peculiar to the Township Organization act. It is likewise the provision of the State constitution, that the judges of the courts, State's attorneys, justices of the peace and constables, and county officers, shall hold their offices until their successors shall be qualified. All this shows a significance in this provision, and denotes as the policy of our law that the public convenience shall not suffer from a vacancy in such public offices, but that the office shall ever be full, so that there will always be some one competent to perform the duty belonging to the office. If we were not to allow to this respondent the power, before his successor shall qualify, to perform the merely ministerial official act of signing these bonds, which this court has ordered his predecessor in office to perform, then this careful provision of the law that the officer shall hold his office until his successor is elected *and qualified,* will be denied effect, and be made nugatory. No distinction in this respect is to be drawn between a resignation and the expiration of the time fixed for the holding of the office. A resignation ends the term of office, the same as the expiration of the time of the tenure of the office does, and no more effectually. The effect in either case is just the same. Whatever power there is in the latter case to act officially until the qualification of a successor, must exist equally in the case of a resignation.

This view that the qualification of his successor was necessary to divest respondent of his office, has the support of authority. The very question here, came under the consideration of the Supreme Court of the United States in the case of *Badger et al.* v. *United States ex rel. Bolles,* 93 U. S. 599,

where, upon an examination of the several provisions of our Township Organization ·act and constitution bearing upon the subject, it was held that a supervisor, town clerk or justice of the peace in this State, although his resignation is tendered to and accepted by the proper authority, continues in office and is not relieved from his duties and responsibilities as a member of the board of auditors, under the Township Organization law of this State, until his successor is appointed or chosen, and qualified. In reference to a resignation it was there said: "When it is said in the statute that the resignation may be thus accepted, it is like to the expiration of the term of office. In form the office is thereby ended, but to make it effectual it must be followed by the qualification of a successor."

*People ex rel. Williamson* v. *McHenry,* 52 N. Y. 374, was the case of a *quo warranto* to test the title to the office of town collector. The defendant was elected such collector on April 5, 1870. On April 4, 1871, the relator was elected collector of the same town, but did not take or file an oath of office or execute any bond to the supervisor of the town. The board of supervisors, on November 4, 1871, delivered to the defendant the warrant for the collection of the taxes of 1871. Afterward the relator brought the suit. It was held, that the relator not having qualified, the ·defendant was rightfully executing the duties of the office of collector when the action was commenced, and defendant had judgment that he was the legal collector. The statute of New York was in substance the same as ours. It was: "Town officers shall hold their offices for one year, and until others are chosen or appointed in their places, and have qualified."

The fourth cause shown in the return is the same as the fifth, stated in a more general form, that respondent is not now, and has not been at any time since the 7th day of June, 1879, supervisor of the town of Barnett, either *de jure* or *de facto.* This impliedly admits that respondent was

22—100 ILL.

supervisor until on June 7, 1879, and states but his own conclusion that he then ceased to be supervisor, without stating the facts, as he should, showing that he has ceased to be supervisor.

The return fails to show sufficient cause against the rule, and the demurrer to it is sustained, and an *alias* peremptory writ of *mandamus* awarded, as prayed for.

*Mandamus awarded.*

CRAIG, C. J., WALKER and SCOTT, JJ., dissenting.