THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN
    MITCHELL, Appellant, *v.* WILLIAM SOHMER, as Comp-
    troller of the State of New York, Respondent.

Public Officers Law — construction of provisions relating to
vacancies in public office by· expiration of term — power of
governor to make appointments to fill such vacancies and limi-
tations thereon — illegal appointment of state labor commis-
sioner when senate was not in session.

1. Apart from the words of any provision in regard thereto, no
vacancy can be wrought in any office by the act or fraud of the
incumbent *after the expiration of the term* for which he was first
entitled to hold it.

2. The legislature intended by the words "After the expiration
of such term, the office shall be deemed vacant for the purpose
of choosing his successor" (Public Officers Law, Cons. Laws, ch.
47, § 5) that the office be deemed vacant in every respect so far as
it relates to a new incumbent as fully as if the provision for a hold-
over had not been therein included.

3. The power of the governor of the state to make an *ad interim*
appointment is confined to cases of actual vacancies arising from
events occurring *before* the expiration of the term of the incum-
bent of an office. In all cases other than a vacancy occurring
before the expiration of the term of office, the vacancy for the pur-
pose of appointing a successor incumbent is deemed to exist from
the date of the expiration of the term of office.  ·

4. Prior to January 1, 1913, John Williams held the office of state
labor commissioner under a regular appointment for a term of four
years, which expired on December 31, 1912.   On April 21, 1913, the
legislature then being in regular session, the governor nominated
John Mitchell for the office and sent his name to the senate for
confirmation.   On May 2, 1913, the senate notified the governor of
its refusal to confirm the nomination.   On May 3, 1913, the gov-
ernor again nominated Mr. Mitchell and sent his name to the
senate.   The senate at once acted adversely upon the nomination
and adjourned *sine die.*   On the 16th day of May, 1913, Mr.
Williams sent his resignation to the governor, which was accepted,
and thereupon Mr. Mitchell was appointed to fill the vacancy which
is claimed to have been thus created.   *Held,* that he was not
legally appointed to the office.

*People ex rel. Mitchell* v. *Sohmer,* 157 App. Div. 923, affirmed.

(Argued June 16, 1913; decided June 20, 1913.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered June 9, 1913, which affirmed, by a divided court, an order of Special Term denying as matter of law, and not in the exercise of discretion, a motion for a peremptory writ of mandamus to compel defendant to issue a warrant upon the state treasurer for the salary of the relator as state commissioner of labor.

The relator applied to the Supreme Court for a writ of mandamus to compel the state comptroller to issue his warrant for the payment of salary to which the relator asserts he is entitled by virtue of his incumbency of the office of state commissioner of labor to which he claims to have been appointed by the governor on May 16, 1913; and the question is whether the relator was legally appointed to the office of commissioner of labor.  At Special Term the writ was denied, and in the Appellate Division there was an affirmance by a divided court. The facts are undisputed.

Prior to January 1, 1913, John Williams held the office of state labor commissioner under a regular appointment for a term of four years, which expired on December 31, 1912.  On April 21, 1913, the legislature then being in regular session, the governor nominated John Mitchell for the office and sent his name to the senate for confirmation.  On May 2, 1913, the senate notified the governor of its refusal to confirm the nomination.  On May 3, 1913, the governor again nominated Mitchell and sent his name to the senate.  The senate at once acted adversely upon the nomination and adjourned *sine die.* On the 16th day of May, 1913, Williams sent his resignation to the governor, which was accepted, and thereupon Mitchell was appointed to fill the vacancy which is claimed to have been thus created.

*D-Cady Herrick* for appellant.  The governor has the right to fill a vacancy in an office of an officer appointed

by the governor by and with the consent of the senate
when such vacancy occurs or exists otherwise than by the
expiration of a term, while the senate is not in session.
(Labor Law, § 39; *Stocking* v. *State*, 7 Ind. 726; *Collins*
v. *State*, 8 Ind. 344; *State* v. *Harrison*, 113 Ind. 434;
*State* v. *Howe*, 25 Ohio St. 588; *Tappan* v. *Gray*, 9
Paige, 507; *People* v. *Woodruff*, 32 N. Y. 355; *People* v.
*Whitmore*, 10 Cal. 38; *People ex rel. Simpson* v. *Van
Horne*, 18 Wend. 515; *People* v. *La Combe*, 34 Hun, 405;
*People* v. *Gardiner*, 45 N. Y. 816; *People ex rel. Wood*
v. *Crissey*, 91 N. Y. 616; *People ex rel. Kehoe* v. *Fitchie*,
76 Hun, 80.)

*Thomas Carmody, Attorney-General* (*Joseph A. Kel-
logg* and *Claude T. Dawes* of counsel), for respondent.
When a term of office, appointment to which is by the
governor with the consent of the senate, has expired,
there is no power in the governor to make an appointment
during a recess of the senate. (*Jackson* v. *Potter*, 47
N. Y. 375; *People* v. *Tilton*, 37 Cal. 614; *Tappan* v. *Gray*,
9 Paige, 506; *People* v. *Bissell*, 49 Cal. 407; *People* v.
*Parker*, 37 Cal. 639; *People* v. *Tyrrell*, 87 Cal. 475; *State*
v. *Rareshide*, 32 La. Ann. 934; *State* v. *Compson*, 34
Ore. 25; *State* v. *Harrison*, 173 Ind. 434; *Smoot* v. *Som-
erville*, 59 Md. 84; *State* v. *Henderson*, 4 Wyo. 550;
*People* v. *Woodruff*, 32 N. Y. 355.)

CHASE, J. · The question involved on this appeal is
not intricate. It is very simple and depends upon a con-
struction of the Public Officers Law. Did the office of
commissioner of labor become vacant at the expiration of
the term of Commissioner Williams and remain so vacant
within the meaning of that law for the purpose of choos-
ing a new incumbent for that office ? The office did
become and was vacant, that is empty, unoccupied, with-
out an incumbent after the expiration of Commissioner
Williams' term " for the purpose of choosing his (the

incumbent's) successor." That is the express provision of the statute. It is urged that the words quoted should not be construed to prevent an *ad interim* appointment in case of an actual "vacancy occurring or existing" in an office when the senate is not in session, although the actual vacancy occurs after the expiration of such term of office. The statute does not so qualify its general language.

We are not referred to any decision construing the statute now in force upon the exact question in controversy. Most of the decisions discussed by counsel were rendered when other statutes were in force. The words of section 5 of the Public Officers Law (Cons. Laws, ch. 47) as follows: "after the expiration of such term, (term of office) the office shall be deemed vacant for the purpose of choosing his successor," were new in section 5 of chapter 681 of the Laws of 1892, from which section 5 of the Public Officers Law was taken.

Neither the words quoted nor any similar language were included in the Revised Statutes (Part 1, chap. 5, title 6), although it was therein provided that every public officer appointed, with certain named exceptions, "shall continue to discharge the duties thereof, although his term of office shall have expired, until a successor in such office shall be duly qualified." (Section 9.)

The following, among other decisions in this state, relied upon by the relator, were rendered prior to said statute of 1892 in the construction of statutes existing at the time when the several decisions were rendered. (*Tappan* v. *Gray,* 9 Paige, 507; *People ex rel. Simpson* v. *Van Horne,* 18 Wend. 515; *People ex rel. Brown* v. *Woodruff,* 32 N. Y. 355.) The commissioners of statutory revision in their notes say that "the provisions of section 5 as to appointment of successors of officers holding over after expiration of term will clear the law on the subject of its present ambiguity." The decisions of other states and in the Federal courts, called to our attention, are each based upon the particular statutes under consideration. The

question involved on this appeal is without controlling precedent.

What did the legislature intend by the words, "The office shall be deemed vacant for the purpose of choosing his successor?" It did not mean that the office was wholly vacant for all purposes, because the language quoted is used in connection with the provision that every officer, with the exceptions named, who enters upon the duties of his office, shall, "unless the office shall terminate or be abolished, hold over and continue to discharge the duties of his office, after the expiration of the term for which he shall have been chosen, until his successor shall be chosen and qualify." It intended that the office be deemed vacant in every respect so far as it relates to a new incumbent as fully as if the provision for a holdover had not been therein included.

The statute deals with vacancies occurring in an office when the incumbent is appointed for a prescribed term. A vacancy by expiration of the term of office is a certain event to occur at a known time. The statute also deals with vacancies that may arise *before* the expiration of the term of office by death or other event, the time of which is not known. It provides for filling vacancies in the two classes of cases. I quote from the statute:

"§ 39. A vacancy which shall occur during the session of the senate, in the office of an officer appointed by the governor by and with the advice and consent of the senate, shall be filled in the same manner as an original appointment. Such a vacancy occurring or existing otherwise than by expiration of term, while the senate is not in session, shall be filled by the governor for a term which shall expire at the end of twenty days from the commencement of the next meeting of the senate."

"§ 30. Every office shall be vacant upon the happening of either of the following events *before* the expiration of the term thereof:

"1. The death of the incumbent;

" 2. His resignation;

" 3. His removal from office;

" 4. His ceasing to be an inhabitant of the state, or if he be a local officer, of the political subdivision, or municipal corporation of which he is required to be a resident when chosen;

" 5. His conviction of a felony, or a crime involving a violation of his oath of office;

" 6. The judgment of a court, declaring void his election· or appointment, or that his office is forfeited or vacant;

" 7. His refusal or neglect to file his official oath or undertaking, if one is required, before or within fifteen days after the commencement of the term of office for which he is chosen, if an elective office, or if an appointive office, within fifteen days after notice of his appointment, or within fifteen days after the commencement of such term; or to file a renewal undertaking within the time required ·by law, or if no time be so specified, within fifteen days after notice to him in pursuance of law, that such renewal undertaking is required. When a new office or an additional incumbent of an existing office shall be created, such office shall for the purposes of an appointment or election, be . vacant from the date of its creation, until it shall be filled by election or appointment."

" § 5. Every officer except a judicial officer, a notary public, a commissioner of deeds, and an officer whose term is fixed by the constitution, having duly entered ˙on the duties of his office, shall, unless the office shall terminate or be abolished, hold over and continue to discharge the duties of his office, after the expiration of the term for which he shall have been chosen, until his successor shall be chosen and qualified; but after the expiration of such term, the office shall be deemed vacant for the purpose of choosing his successor. An officer so holding over for one or more entire terms, shall, for the purpose of choosing

his successor, be regarded as having been newly chosen for such terms. An appointment for a term shortened by reason of a predecessor holding over, shall be for the residue of the term only."

It is assumed without controversy that Commissioner Williams' term of office expired during the session of the senate, and although he remained in office as a hold-over, as prescribed by section 5, that section also provides that " The office shall be (is) deemed vacant for the purpose of choosing his successor." Such vacancy continues until a new incumbent is chosen. It does not end with the adjournment of the senate to occur again when the senate reconvenes. For the purpose of determining whether the statute contemplates another and different vacancy arising by reason of some uncertain event affecting a holdover incumbent after the expiration of a fixed term of office, the first words of section 30 are important. That section provides that " Every office shall be vacant upon the happening of either of the following events *before the expiration of the term thereof.*" The same is true of the language of section 39 as follows: " *A vacancy occurring or existing otherwise than by expiration of term,* while the senate is not in session, shall be filled by the governor " as therein provided.

The statute, as we have seen, deals with vacancies occurring by reason of the expiration of a term of office which is a certain event, and a vacancy occurring *before* the expiration of the term of office which is an uncertain event. The occurrence of any of the events mentioned in section 30 *after* the expiration of the term, does not create a vancancy for the purpose of an appointment of a successor incumbent, to be filled temporarily by the governor, because the vacancy for the purpose of choosing a successor has existed by reason of the statute from the date of the expiration of the term. The right to choose a successor incumbent depends upon the statute and not upon the event which removed the holdover incumbent.

It is plain as an abstract proposition, apart from the words of any provision in regard thereto, that no vacancy can be wrought in any office by the act or fault of the incumbent *after the expiration of the term* for which he was first entitled to hold it. (*People ex rel. Jackson* v. *Potter*, 47 N. Y. 375.)

The governor's power to make an *ad interim* appointment is confined to cases of actual vacancies arising from events occurring *before* the expiration of the term of the incumbent of an office. In all cases other than a vacancy occurring before the expiration of the term of office, the vacancy for the purpose of appointing a successor incumbent is deemed to exist from the date of the expiration of the term of office.

In view of the general purpose and express language of the statute, it appears that it was not the intention of the legislature in providing when an office shall be deemed vacant, to qualify or restrict the purpose in any way so far as it relates to choosing a new incumbent, nor did it intend to permit a temporary or *ad interim* appointment by the governor if an actual vacancy occurs after the expiration of the term in an office occupied by a holdover.

By such construction force and effect is given to the language of the statute and to the purpose of revising it as expressed by the commissioners of statutory revision.

The public service is not endangered by the provisions of the statute. It is provided by section 41 of the Labor Law (Cons. Laws, ch. 31), in substance, that the duties of an office in case of an actual vacancy devolve upon the deputy. If the governor considers an occasion extraordinary he can call the senate together to consider an appointment by him. (Const. art. IV, § 4.)

The order should be affirmed, with costs.

CULLEN, Ch. J. (dissenting). In 1912 John Williams was commissioner of labor, the duration of whose office

was four years, which expired December 31st, 1912. The office is one created by statute (L. 1909, ch. 36, sec. 40, as amd. by L. 1913, ch. 145), which provides that the officer shall be appointed by the governor with the consent of the senate. A successor to Williams has never been appointed, the first step for that purpose having been taken on April 21st, 1913, when the governor sent the name of John Mitchell, the relator, to the senate for confirmation as commissioner of labor, but the nomination was rejected. On May 3d, 1913, the governor again nominated the relator to the office and again the relator was rejected. Under the constitution the legislature convened on January 1st, 1913, and the senate continued in session until May 3d, when it adjourned *sine die.* Mr. Williams, despite the expiration of the period for which he had been appointed to office, under the provisions of the Public Officers Law (sec. 5) continued to hold his office till May 16th, on which date, after the adjournment of the senate, he resigned his office and thereupon the governor appointed the relator to fill the vacancy. The relator duly qualified. At the expiration of the month the comptroller declined to pay the relator his official salary on the ground that his appointment was made by the governor without authority of law, and thereupon the relator applied for a mandamus to compel such payment. The Special Term held that it was invalid and denied his application for the writ, and that decision has been affirmed by the Appellate Division by a divided court.

The only question in the case is the validity of the relator's appointment. The Constitution (Art. 10, sec. 5) prescribes that the legislature shall provide for filling vacancies in office. Therefore the determination of this proceeding depends solely upon the statute law on the subject, the material parts of which are the following sections of the Public Officers Law (Cons. Laws, ch. 47) :

Section 5. "Every officer except a judicial officer, a notary public, a commissioner of deeds and an officer

whose term is fixed by the constitution, having duly entered on the duties of his office, shall, unless the office shall terminate or be abolished, hold over and continue to discharge the duties of his office, after the expiration of the term for which he shall have been chosen, until his successor shall be chosen and qualified; but after the expiration of such term, the office shall be deemed vacant for the purpose of choosing his successor. An officer so holding over for one or more entire terms, shall, for the purpose of choosing his successor, be regarded as having been newly chosen for such term. An appointment for a term shortened by reason of a predecessor holding over, shall be for the residue of the term only."

Section 30. "Every office shall be vacant upon the happening of either of the following events before the expiration of the term thereof: 1. The death of the incumbent; 2. His resignation; 3. His removal from office; 4. His ceasing to be an inhabitant of the state, or if he be a local officer, of the political subdivision, or municipal corporation of which he is required to be a resident when chosen; 5. His conviction of a felony, or a crime involving a violation of his oath of office; 6. The judgment of a court, declaring void his election or appointment, or that his office is forfeited or vacant. * * *"

Section 31. "Public officers may resign their offices as follows: 1, the governor, lieutenant-governor, secretary of state, comptroller, attorney-general, state engineer and surveyor, to the legislature; 2, all officers appointed by the governor alone, or by him with the consent of the senate, to the governor; * * * Every resignation shall be in writing addressed to the officer or body to whom it is made. If addressed to an officer, it shall take effect upon delivery to him at his place of business or when it shall be filed in his office. * * *"

Section 38. "If an appointment of a person to fill a vacancy in an appointive office be made by the officer, or by the officers, body or board of officers, authorized to

make appointments to the office for the full term, the person so appointed to such vacancy shall hold office for the balance of the unexpired term.   *   *   * ''

Section 39. '' A vacancy which shall occur during the session of the senate, in the office of an officer appointed by the governor by and with the advice and consent of the senate, shall be filled in the same manner as an original appointment.   Such a vacancy occurring or existing otherwise than by expiration of term, while the senate is not in session, shall be filled by the governor for a term which shall expire at the end of twenty days from the commencement of the next meeting of the senate.''

It will be seen that by section 39, so far as it applies to officers of the character of the one in this controversy, the the governor's power to fill a vacancy is subject to only a single exception, that is a vacancy by expiration of term, and the power is given whether the vacancy occurs or exists when the senate is not in session, though in this case when Williams resigned the senate was not in session.   The decision of the controversy before us depends upon the determination of what was the vacancy which the governor's appointment on May 16 was operative to fill.   The learned courts below have held, and the attorney-general contends, that the only vacancy in the office claimed by the relator is the vacancy created by the expiration, with the end of the year 1912, of the period for which Williams had been appointed to office.   If this position is correct then the appointment of the relator was invalid, and right here is the crux of the whole controversy.   By section 5 of the Public Officers Law, hitherto quoted, it is provided that every officer, with certain exceptions — which do not include the one before us — shall hold over and continue the discharge of the duties of the office after the expiration of the term for which he shall have been chosen until his successor shall be chosen and qualified.   If the section ended here there

11

would be no room for controversy. The failure to appoint or elect his successor in office, or a failure of such successor to duly qualify would not create a vacancy, because despite of such failures there would be a person entitled by law to continue in the office and discharge its duties. The scheme of officials holding over despite the expiration of the original term has prevailed in this state from early times and also is prevalent in other states. The decisions are uniform both in this state and in the other states so far as they are cited to us by the attorney-general that where there is a provision for a holding over there can be no vacancy in the office. In *Tappan* v. *Gray* (9 Paige, 507) the complainant was a flour inspector appointed by the governor with the consent of the senate to hold office for two years. There was a failure to appoint his successor, and, under a provision substantially the same as that extant to-day, authorizing the governor to fill vacancies by temporary appointments expiring twenty days after the commencement of the next meeting of the senate, the defendant had been appointed to the office to fill the vacancy. Then, as now, the statute law was that every officer with few exceptions should hold over until a successor in office should have been duly appointed and qualified. The chancellor held that there was no vacancy in office because the holdover was the legal incumbent of the office. The same rule was declared by the Supreme Court in *People ex rel. Simpson* v. *Van Horne* (18 Wend. 515, 518), where Chief Justice Savage said: "It will be seen, too, that the word *vacancies* is applicable to cases where officers have been duly chosen or appointed, and not to the cases where there has been an omission to elect at the annual town meeting. In such cases there is, in fact, no vacancy, because the officers of the preceding year hold the offices until others are chosen or appointed in their places and have qualified." The decisive authority on this point is the case of *People ex rel. Brown* v. *Wood-*

*ruff* (32 N. Y. 355). In that case the statute had authorized the comptroller of the city of New York to appoint three commissioners of taxes and assessments of the city of New York, who should hold office for the term of five years or until others were appointed in their places. Any vacancy in said board, by death, resignation or otherwise, was to be filled by said comptroller. No authority was given to appoint their successors. The relator was one of the original appointees. After the expiration of his term the defendant was appointed by the comptroller in his stead. It was urged that even if the power conferred by the statute upon the comptroller was not continuous, still the appointment of the defendant was valid under the authority given the comptroller to fill vacancies. It was held that there was no vacancy as the original appointees were authorized to hold over until others were appointed in their places. The doctrine was recognized in *People ex rel. Woods* v. *Crissey* (91 N. Y. 616) and *People ex rel. Kehoe* v. *Fitchie* (76 Hun, 80). In *People ex rel. Lovett* v. *Randall* (151 N. Y. 497) the rule was held to apply to the case of a failure to elect by reason of a tie vote. The cases cited by the learned attorney-general from other states are to the same effect (*People* v. *Bissell*, 49 Cal. 407; *State ex rel. Carson* v. *Harrison*, 113 Ind. 434; *Smoot* v. *Somerville*, 59 Md. 84), as are the text books. (Mechem on Public Officers, sec. 128; Throop on Pub. Officers, sec. 330.) The concluding portion of the sentence, "but after the expiration of such term, the office shall be deemed vacant for the purpose of choosing his successor," does not change the rule. It does not declare that the office shall be vacant, but that it shall be deemed vacant for one particular purpose, and one only, for the purpose of choosing his successor. *Expressio unius exclusio alterius.* It is just at this point that, in my opinion, the learned judge at Special Term erred. He considered that expiration of Williams' term without the

legal appointment of his successor rendered the office wholly vacant. As already shown that view conflicts with the uniform current of authority both in this and other states.

If, therefore, the office has become vacant at all, it has been occasioned by the subsequent resignation of Williams. It is urged by the attorney-general that the act of Williams in resigning the office cannot increase the power granted the governor by the statute and authorize him by his sole act, without confirmation by the senate, to appoint a successor to Williams. That is undoubtedly true. A claim to the contrary would be preposterous. But in appointing the relator the governor has not appointed Williams' successor, but only a person to fill the office until Williams' successor is appointed according to law, subject, however, to the further limitation that the appointment will expire twenty days after the session of the senate next after his appointment convenes, whether a successor to Williams has been legally appointed at that time or not.

It is contended that Williams could not resign the office because at the time of his resignation he had nothing to resign, and *People ex rel. Jackson* v. *Potter* (47 N. Y. 375) is cited as authority for the proposition. That case involved the title to the office of justice of the Supreme Court. It has no application to the present case, for judicial officers do not hold over after the expiration of the term for which they are chosen, and, hence, clearly have nothing to resign. A little reflection will dispose of the point. It is conceded that on May 15th Williams lawfully held office and that on May 17th he was not in office. Williams did not die nor remove from the state, nor was he convicted of a felony. What possible thing effected his removal from office between May 15th and May 17th, except his resignation on May 16th? This would seem to render further discussion unnecessary. If the contention is right then there has been no provision

in the statute since 1892, and possibly, never, for filling a vacancy in office caused by the death or resignation of a holdover. There are all the constitutional officers of counties and municipalities whose successors cannot constitutionally be filled save by an election. In case of the death or resignation of one of these the office must remain vacant till the next election. The report of the revisers who prepared the law of 1892 states that the change in the section was not to change the law hitherto prevailing but merely "to clear the law on that subject of its present ambiguity."

It is further contended that as by section 30 of the Public Officers Law the event which renders an office vacant must happen before the expiration of the term, the resignation of Williams did not render the office vacant within the meaning of the statute. This is too narrow a construction of the law. Though at common law office was considered a burden, not an advantage, and though even now as to some town offices, such as commissioner of highways and others, a refusal to serve subjects the person elected to a penalty, the law of this state empowers any incumbent to resign his office, and by such resignation, the office is vacated *ipso facto.* (*Olmsted* v. *Dennis,* 77 N. Y. 378, 387.) It requires no acceptance, but takes effect on delivery to the person to whom it is addressed. (Pub. Off. Law, sec. 31.) Williams, therefore, had the same right to resign while holding over that he had during his original term. The events which render an office vacant must be equally applicable to the case of a holdover as to one serving his original term. One is his ceasing to be an inhabitant of the state, or, if he be a local officer, of the political subdivision of which he is required to be a resident. Another the conviction of the incumbent of a felony. Surely, if these things should disqualify an incumbent from serving his original term, equally they should disqualify him from serving as a holdover. When the expression is used in the statute, "before the expiration

of his term," it means not merely the period of time for which the officer is in the first instance elected or appointed, but the time which under the law he has the right to serve, and in the true sense of the word, all of that period is the incumbent's term. This is made clear by the concluding provision in section 5, which provides that "an officer so holding over for one or more entire terms, shall, for the purpose of choosing his successor, be regarded as having been newly chosen for such terms."

Indeed, it is conceded in the brief for the attorney-general that "Mr. Williams' resignation transforms not at all the appointing power from governor and senate to governor. It does have this effect, however, that, of creating a natural vacancy." That concession disposes of the case. It is the actual vacancy and only the actual vacancy which is contemplated by the Constitution and the statutes in the various provisions as to the filling vacancies in office. Here again I quote from a case cited by the attorney-general, *State ex rel. Carson* v. *Harrison* (113 Ind. 434): "The word 'vacancy' as applied to an office has no technical meaning."

It is urged that such a situation is met by the provision that the deputy of an officer shall possess the powers and perform the duties of his principal during the absence or inability to act of his principal, or during a vacancy in his principal's office. (Pub. Off. Law, sec. 9.) In many cases an officer has no deputy, and in the present case the power of the deputy of the commissioner of labor is restricted by excepting from the power conferred upon him that of removing his subordinates. But this claim is disposed of by authority. A county clerk died. At the time of his death he had appointed, as was required by law, a deputy under a statute which provided when the office of any county clerk shall become vacant his deputy should perform all the duties and be entitled to all the emoluments and be subjected to all the penalties pertaining to the office of the county clerk of a county and until a new

clerk should be elected or appointed for such county and duly sworn. The governor made an appointment to fill the vacancy. The deputy claimed that the case was excepted from the statute relating to vacancies because of the power conferred upon him to discharge the duties of the clerk. It was held that the claim was untenable and that the appointment by the governor was valid. (*People ex rel. Smith* v. *Fisher*, 24 Wend. 215; to the same effect see *People ex rel. Henderson* v. *Snedeker*, 14 N. Y. 52.) It follows that the relator has got good title to the office until twenty days after the commencement of the session of the senate first succeeding his appointment.

The orders of the Special Term and of the Appellate Division should be reversed and the application for a writ of mandamus granted, with costs in this court and ten dollors costs of motion.

WILLARD BARTLETT, COLLIN, CUDDEBACK and HOGAN, JJ., concur with CHASE, J.; WERNER, J., concurs with CULLEN, Ch. J.

Order affirmed.