[Civil No. 3453. Filed March 12, 1934.]

[30 Pac. (2d) 247.]

C. C. CRAGIN, Petitioner, v. ANA FROHMILLER, as Auditor of the State of Arizona, Respondent.

Messrs. Baker & Whitney and Mr. Lawrence L. Howe, for Petitioner.

Mr. Arthur T. La Prade, Attorney General, and Mr. Frank W. Beer, Assistant Attorney General, for Respondent.

ROSS, C. J.—This is an original proceeding in *mandamus* to compel the state auditor to audit and allow petitioner's claim for professional services and expenses incident thereto rendered the Colorado River commission from August 14 to October 29, 1933, and to draw a warrant on the state treasurer therefor. The respondent refused to allow and pay the claim for professional services upon the ground that the petitioner during the time he rendered such services was, as she contends, a member of the com-

mission and, under the act creating the commission, required to serve without pay.

The petitioner was appointed a member of the commission by the Governor and the senate confirmed such appointment on February 9, 1933. On August 7, 1933, he tendered to the Governor in writing his resignation and on August 12, 1933, the Governor duly accepted such resignation to take effect at once. On November 8, 1933, the Governor appointed his successor, who qualified on November 17, 1933.

The sufficiency of these facts to justify the respondent's refusal to allow the claim for services is challenged by demurrer.

The Colorado River commission as now constituted was created by chapter 3, Session Laws of Arizona 1929, Regular Session, and consists of three members appointed by the Governor by and with the advice and consent of the senate, and, after January, 1931, their terms were to be "coincident" with that of the Governor. Petitioner's term, therefore, under the law expires the first Monday in January, 1935. There is no contention that the petitioner continued to perform the duties of a commissioner as such after the Governor accepted his resignation, the contention being that he did not cease to be commissioner and was not relieved from the obligation to discharge the duties of the office until his successor was appointed and had qualified. In other words, that his resignation and the acceptance thereof did not create a vacancy in the office except perhaps for the purpose of appointing his successor. This, of course, means there could be no vacancy of office by resignation and, if no successor is elected or appointed and qualified, an officer continues such indefinitely. The commission through the other two members was, as the law authorized them to do, discharging the duties thereof. Subdivision 2, section 3040, Revised Code of 1928.

Our legislation concerning vacancies in office and the filling of them seems to indicate in no uncertain manner that there may occur a vacancy through resignation and acceptance thereof. Section 93, Id., provides for resignations and states they shall be in writing and, if by a state officer or other officer commissioned by the Governor, shall be addressed to the Governor. And section 94 thereof provides that:

"An office shall be deemed vacant from and after the happening of either of the following (ten) events before the expiration of the term: . . . His (incumbent's) resignation, and the lawful acceptance thereof. . . ."

We had under review these two sections in *McCluskey* v. *Hunter,* 33 Ariz. 513, 266 Pac. 18, 22, and we there said:

" . . . if an officer dies, ceases to be an inhabitant of the state, fails to qualify within the time prescribed by law, absents himself from the state without permission of the legislature beyond the period of three consecutive months, resigns and his resignation is accepted, or ceases to discharge the duties of his office for three consecutive months unless prevented by sickness or absence from the state for three consecutive months by permission of the legislature a vacancy in the office is created, *ipso facto,* and no proceeding or finding by any officer, court or other tribunal that the particular event has occurred is necessary to the existence of the right of the appointing power to fill it."

It is, then, settled law that there may be a vacancy by resignation and acceptance thereof before the expiration of the term of the office.

While the Attorney General admits the concurring acts of resignation by the officer and acceptance thereof by the Governor created a situation authorizing the appointment of a successor, he contends the office was legally occupied by petitioner until his suc-

cessor was qualified. In other words, that the only effect of such a vacancy was to enable the Governor to make an appointment of a successor and that the incumbent continued in office until such successor had qualified, and was during the interim, from the acceptance of his resignation and the qualification of his successor, as much a member of the Colorado River commission as his colleagues. In support of this contention he cites a number of cases holding that an officer does not cease to be an officer when his resignation is tendered to and accepted by the proper officer or body, but that he continues in office until his successor is chosen and qualifies where it is provided by statute or Constitution that such officer shall hold his office until his successor is elected and qualified. The cases so holding are many and in their conclusions we heartily concur. Among the cases cited by the Attorney General are *Badger* v. *United States,* 93 U. S. 599, 23 L. Ed. 991; *United States* v. *Green,* (C. C.) 53 Fed. 769; *United States* v. *Justices of Lauderdale County,* (C. C.) 10 Fed. 460; *Jones* v. *City of Jefferson,* 66 Tex. 576, 1 S. W. 903; *People* v. *Supervisor of Barnett Tp.,* 100 Ill. 332; *State* v. *Nobles,* 109 Wis. 202, 85 N. W. 367; *Haymaker* v. *State,* 22 N. M. 400, 163 Pac. 248, L. R. A. 1917D 210; *Bates* v. *Bigby,* 123 Ga. 727, 51 S. E. 717; *Keen* v. *Featherston,* 29 Tex. Civ. App. 563, 69 S. W. 983. These cases, however, do not help us for the reason that we have no statutory or constitutional provisions like those construed in the above cases applicable to appointive officers such as the petitioner.

Section 13, article 22, of our Constitution provides as follows:

"The term of office of every officer to be elected or appointed under this Constitution or the laws of Arizona shall extend until his successor shall be elected and shall qualify."

But in *Sweeney* v. *State,* 23 Ariz. 435, 204 Pac. 1025, we held this provision does not apply to appointive officers but only to elective.

The Attorney General also contends that section 56 of the Code, or the following portion thereof, to wit:

"Every officer must continue to discharge the duties of his office, although his term has expired, until his successor has qualified"

—means that it is the duty of officers to continue to discharge the duties of their offices after resignation until their successors have qualified. He would construe the provision to mean that every officer resigning during his term or before its expiration, as well as those who hold over after the expiration of their terms, shall continue to discharge the duties of their offices until their successors have qualified.

It is, of course, the duty of an officer during his term and as long as he occupies an office to discharge its duties. But the question is, Was it the intention of the legislature to permit him to vacate the office and escape the performance of its duties by resigning? Or was it the intention that he continue to attend upon the office and perform its duties after his resignation is accepted and until his successor qualifies?

Under a statute the same as our section 56, *supra,* it was said in *State* v. *Page,* 20 Mont. 238, 50 Pac. 719, 722:

"Section 994 (Pol. Code), providing that every officer must continue to discharge the duties of his office, although his term has expired, until his successor has qualified, is applicable only to a case where the term of office of an incumbent has expired. It does not refer to a case of vacancy caused by a resignation."

A like view is expressed in *Olmsted* v. *Dennis,* 77 N. Y. 378, wherein it was said:

"The section of the Revised Statutes (1 R. S. 117, § 9) which provides that an officer 'shall continue to discharge the duties of his office, although his term of office shall have expired, until a successor in such office shall be duly qualified' applies only to the case of the expiration of the term of office, and not to a case of vacancy caused by resignation. Cook (defendant) had the right to resign. He was not bound to remain in office for the benefit of the plaintiff; and he could not legally act as commissioner after his resignation."

Our section 56, *supra*, requires the officer to continue to discharge the duties of the office only after his term has expired. The purpose is not to compel an officer to hold on to the office against his will but to have present at all times someone in the office to wait on the public and to discharge its duties. Our legislature, in enjoining on the officer the duty of continuing in office after his term has expired, doubtless thought vacancies occurring during the term, by the happening of any of the events set out in section 94, *supra*, could be quickly and satisfactorily filled by the appointing power, and provided that the officer should continue to discharge the duties only when there was no one legally qualified to assume the duties after his term had expired.

In *People* v. *Sohmer*, 209 N. Y. 151, 102 N. E. 593, 594, 46 L. R. A. (N. S.) 1202, the court in construing the Public Officers Law of that state clearly recognized a difference between a vacancy before the expiration of the term of office and one occurring after, in this language:

"The statute, as we have seen, deals with vacancies occurring by reason of the expiration of a term of office which is a certain event and a vacancy occurring before the expiration of the term of office, which is an uncertain event."

If section 56, *supra*, read, "Every officer must continue to discharge the duties of his office until his

successor has qualified," the authorities cited by respondent would be conclusive.

Since under the law a resignation does not become effective except upon its acceptance, any interregnum or hiatus in office may be avoided by the officer to whom the resignation is tendered by withholding acceptance until the appointing power has chosen a successor.

We conclude that the facts pleaded as a defense were insufficient and that the writ as prayed should issue. It is so ordered.

McALISTER, J., concurs.

LOCKWOOD, J.—I concur in the result.