32

J. D. ROGERS, Petitioner, v. John D. COLEMAN, Brown M. Hamer, Charley Page, Jr., W. M. Arnette, Jr., Cortez Ford, and H. Clyde Morrell, Respondents.

(138 S. E. (2d) 415)

*Messrs. Herbert Britt* and *James R. C. Calhoun,* of Dillon, and *Willcox, Hardee, Houck, Palmer & O'Farrell,* of Florence, *for Petitioner,*

Respondents were not represented by Counsel.

October 16, 1964.

*Per Curiam.*

This proceeding was instituted in the original jurisdiction of this Court, pursuant to Article 5, Section 4, Constitution of South Carolina and Section 15-121, 1962 Code of Laws, praying that a Writ of Mandamus be issued requiring the respondents, or any three of them, to act as Commissioners of Election for Dillon County and carry out the duties of said office as imposed by law, including the placing of petitioner's name on the official ballot for the November 3, 1964, General Election as the officially certified Democratic Nominee of Sheriff of Dillon County. A rule to show cause was accordingly issued, to which all respondents have made return, either orally or in writing.

In 1962, the respondents John D. Coleman, Brown M. Hamer, and Charley Page, Jr., were duly appointed and qualified as Commissioners of Election for Dillon County for a term of two years and performed all of the duties of such office until recently. In September 1964 these respondents signified in writing their resignation and the respondents Arnette, Ford, and Morrell were designated by the Governor to succeed the aforementioned Commissioners of Election. The successors so designated by the Governor, however, have never qualified and state in their oral return

to this Court that they have no intention of so doing. The question is whether the respondents Coleman, Hamer, and Page, despite their attempted resignations, are still members of and constitute the Commissioners of Election for Dillon County. These respondents were appointed to such offices in 1962, pursuant to the provisions of Section 23-306 of the 1962 Code of Laws, the applicable portions of which are as follows:

*"Commissioners and managers of elections.*—For the purpose of carrying on the elections provided for in § 23-302 the Governor shall, at least thirty days prior to any such election, appoint for each county three commissioners of election upon the recommendation of the Senator and at least half of the members of the House of Representatives from the respective counties. Such commissioners shall continue in office until their successors are appointed and qualified. * * *"

The foregoing statute provides that officers qualified thereunder "shall continue in office until their successors are appointed and qualified." The legislative intent to make provisions against a situation where there would be no qualified commissioners to conduct and hold elections is clear. A proper interpretation of the statute makes it mandatory on the part of election commissioners to serve until their successors are appointed and qualify. Therefore the attempted resignation of these respondents was of no effect and their tenure in office, together with the duties and responsibilities thereof, must be held to continue, since no successors have qualified. This is in accord with the general rule that a public officer does not cease to be such even when his resignation is accepted, but continues in office until a successor is qualified where the statute or Constitution so provides. *Cragin v. Frohmiller,* 43 Ariz. 251, 30 P. (2d) 247; *State v. Hargis,* 179 La. 623, 154 So. 628; *Badger v. United States,* 93 U. S. 599, 23 L. Ed. 991; *Bates v. Bigby,* 123 Ga. 727, 51 S. E. 717; *Commonwealth ex rel. Wooten v. Berninger,* 255 Ky. 451, 74 S. W. (2d)

932, 95 A. L. R. 213; 67 C. J. S., Officers, § 55, p. 226. See also in this connection *Langford v. State Board of Fisheries,* 217 S. C. 118, 60 S. E. (2d) 59; *Bradford v. Byrnes,* 221 S. C. 255, 70 S. E. (2d) 228.

It is therefore held that the respondents Coleman, Hamer, and Page are the duly constituted Election Commissioners for Dillon County clothed with the authority and responsibility to perform the duties imposed by law upon such commissioners and,

They are hereby ordered and directed to forthwith perform all such duties in connection with the General Election to be held in Dillon County on November 3, 1964. In the event of the total disability of any one of said Commissioners the remaining members shall perform such duties.

The petitioner having been duly certified as the Nominee of the Democratic Party for Sheriff of Dillon County,

It is further ordered that the respondent Commissioners place the name of petitioner as such nominee on the official ballot in such election.

TAYLOR, C. J. and MOSS, LEWIS, BUSSEY and BRAILSFORD, JJ., concur.