THE STATE EX REL. WHEELER, Respondent, vs. NOBLES, Appellant.

*January 11 — February 26, 1901.*

*School district treasurer: Resignation: Vacating office: Cannot be clerk: Statutes construed.*

1. Although secs. 961, 962, Stats. 1898, if unaffected by other provisions, would seem to permit a school district treasurer to resign at will and thus create a vacancy in the office, yet the specific provision of sec. 443 that "he shall hold office until his successor be elected or appointed and qualified as herein provided" must govern; and he cannot vacate his office, therefore, either by abandonment, acceptance of an incompatible office, or resignation.

2. Under sec. 443, Stats. 1898, providing that the clerk of a school district shall not hold the office of treasurer, a treasurer cannot, by attempting to resign and by accepting the office of clerk, become eligible to the latter office until his successor as treasurer has been chosen and has qualified.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Reversed.*

*Quo warranto* to try title to the office of school district clerk of district No. 11 of the town of Wauwatosa. The case was tried by the court without a jury. Findings of fact were made which are not challenged. Briefly stated, they are as follows:

Relator and defendant are qualified electors of said school district. Relator was treasurer, his term of office expiring on the first Monday of July, 1900. A meeting of the electors was held July 3, 1899. Part of the business was the election of a clerk. A majority of the votes were cast for relator. He thereupon presented his resignation to the electors, and by a unanimous vote it was accepted. He then declared his acceptance of the office of clerk. Thereupon the electors elected defendant treasurer. Relator then received the records and books from the former clerk, and afterwards took the school census, and executed the office of clerk until ousted by defendant. The defendant refused to qualify as treasurer, and no person has been elected or appointed to that office. Relator has continued to hold the moneys of the district, but has refused to act as treasurer. On July 17th the town clerk, believing there was a vacancy in the office of district clerk, duly appointed the defendant to that position. Acting under such appointment the defendant, about July 28, 1899, assumed the office of clerk, and has since excluded the relator therefrom.

As conclusions of law the court found that relator, having publicly resigned his office of treasurer and accepted that of clerk, his former office became vacant, and he thereby became and was eligible to the office of clerk and entitled to the same; that the defendant unlawfully intruded into said office, and should be ousted therefrom; that relator was entitled to his costs. Judgment of ouster was duly entered.

The defendant insists that the relation fails to state facts

sufficient to entitle the relator to relief, and challenges the correctness of the conclusions of law on the ground that relator could not resign to a meeting of the electors, and could not abandon his office to become eligible to the office of clerk until his successor had been elected or appointed and had qualified. The defendant seeks to review the judgment of ouster by this appeal.

For the appellant there was a brief by *Wheeler & Perry*, and oral argument by *C. B. Perry*.

For the respondent there was a brief by *Roemer & Aarons*, and oral argument by *J. H. Roemer*.

BARDEEN, J.  Relator's attempt to resign his office by tendering his resignation to the electors of the district at the annual meeting was ineffectual. His term of office continued until a year thereafter. To vacate his office by resignation, he must follow the plan laid out by the statute. Sec. 961, Stats. 1898, provides that the resignation of a school district officer shall be made to the district board. Such officers cannot *resign* in any other way.

But it is said that he has vacated and abandoned his office; that his attempt to resign and his public acceptance of the office of clerk completely terminated his tenure of office as treasurer, so that he became eligible to the office of clerk, notwithstanding the provision in sec. 443 that " neither the director, clerk, nor teacher shall hold the office of treasurer of his own district." There can be no doubt about the general proposition that he who, while occupying one office, accepts another incompatible with the first, *ipso facto* absolutely vacates the first office, and his title is thereby terminated without any other act or proceeding. This was the rule of the common law and has been recognized and accepted in many jurisdictions. See Mechem, Pub. Off. §§ 420, 425, 429, and cases cited. This rule, however, is subject to an important exception. Where the law expressly provides

The State ex rel. Wheeler vs. Nobles.

that the officer shall continue to hold his office until his successor is chosen and qualified, he will not cease to be an officer by resigning, so as to be relieved from the discharge of his duties as such officer. Id. § 416; 1 Dillon, Mun. Corp. § 224, note 2; Id. § 861c; *People ex rel. I. M. R. Co. v. Supervisors*, 100 Ill. 332; *Badger v. U. S. ex rel. Bolles*, 93 U. S. 599; *Jones v. Jefferson*, 66 Tex. 576. And it is further laid down by the authorities that an officer cannot avoid his office by accepting another, unless his office be such as he could determine by his own act, or unless that authority concur in the new appointment which could accept the surrender of, or amove from, the old one. Mechem, Pub. Off. § 421; Throop, Pub. Off. § 30; *Worth v. Newton*, 10 Exch. 247; *Rex v. Patterson*, 4 Barn. & Adol. 1.

We are now led to the inquiry whether, under our statutes, the office of school district treasurer is such a one that he continues in office until his successor is chosen and has qualified, and whether it can be completely determined by his own act. The proposition is admitted that under sec. 961 he may resign at pleasure. Sec. 962 says: "Every office shall become vacant on the happening of either of the following events: 1. Death of the incumbent. 2. His resignation," etc. Standing together, and unaffected by other provisions, the conclusion would seem plain that such an officer might resign at will, and, when his resignation had been presented to the proper officers, his office became vacant. But, turning to other provisions of the statute that bear upon the situation, we find that they conflict with this conclusion, and the whole, therefore, must receive judicial construction. Thus, sec. 431 says the officers of a school district shall hold office for three years, "and until their successors have been elected or appointed, but not beyond ten days beyond the expiration of their term of office without being again elected or appointed." Turning now to sec. 443, we find it dealing with the treasurer alone. It says that within ten days after

The State ex rel. Wheeler vs. Nobles.

his election or appointment he shall file a bond, to be approved by the director and clerk. Then it declares, "*He shall hold office until his successor be elected or appointed and qualified as herein provided.*" To give these words force and effect according to their plain import, we see at once that they conflict with the conclusion stated as regards the effect of secs. 961, 962; that is to say, the office does not become vacant by resignation until a successor has been chosen and has qualified.

The facts that the legislature singled out the treasurer from the other school district officers, and prescribed that his tenure of office should continue as stated, is indicative of an intent that important public interests should never suffer from there being a vacancy in that office. He is the financial officer of the district, charged with the custody of school moneys, and held to strict accountability therefor. If he may lay down his office by abandonment, acceptance of an incompatible office, or resignation, and thereby completely terminate his office by such acts alone, then there would be intervals when there would be no incumbent of the office. An election or appointment of a successor cannot always occur simultaneously with the act of abandonment or resignation. The election or appointment must be followed by qualification. The statute gives the party so chosen ten days in which to file his bond. If the rule contended for by relator prevails, then there might be a season when there would be no one in the office. There can be no doubt of the legislative intention to provide against such a contingency. The provision that the treasurer should hold office until his successor was chosen and had qualified indicates that intention in no unmistakable way. It is plain, definite, and unambiguous in terms. Being applied to this specific office, also indicates a legislative purpose that must prevail over the general statute as to resignations and their effect. Both cannot stand, except with this construction.

The case of *People ex rel. I. M. R. Co. v. Supervisors*, 100 Ill. 332, is instructive on the general proposition stated, and supports the views herein announced.

If the conclusion mentioned is the true one, then relator's attempt to resign was futile, as not being in accordance with the statute, and his acceptance of the office of clerk did not vacate his office as treasurer. The statute says in express terms that he cannot hold both offices; and, not having lawfully relinquished his former office, his assumption of the duties of clerk was nugatory, and did not affect his status as treasurer. We therefore hold that the common-law rule that acceptance of an incompatible office vacates the former must yield to what seem to us plain statutory provisions of contrary intent.

Sec. 433*a*, which provides that, " when the clerk, director or treasurer shall be and remain absent from the district from which he was elected for a period exceeding sixty days, his office shall be deemed vacant," must be read to harmonize with the other provisions mentioned. Such absence is authority for the proper appointing power to fill the vacancy, and such appointee, when he has duly qualified, succeeds to the office without further action. But, as applied to the treasurer, he shall continue in office, and is charged with its duties and responsibilities, until the event mentioned takes place.

It follows from the conclusions stated that the relator has shown no title to the office sought for, and that the conclusions of the trial court were erroneous.

*By the Court.*— The judgment of the superior court of Milwaukee county is reversed, and the cause is remanded with directions to enter judgment for the defendant.