BOARD OF SCHOOL DIRECTORS OF SCHOOL DISTRICT No. 3, TOWN OF LAKE, Respondent, vs. KUHNKE and another, Appellants.

*November 21, 1913—January 13, 1914.*

*Schools and school districts: Bond of treasurer: Breach: Action, in whose name prosecuted: Liability of sureties: Treasurer holding over after term.*

1. An action for breach of the bond of a school district treasurer should be prosecuted in the name of the district; but the fact that the action was brought in the name of the district board does not constitute prejudicial error.

2. A school district treasurer who duly qualified as such for one term, and upon re-election failed to give a new bond but acted as treasurer thereafter until his death, continued to be treasurer *de facto* and *de jure* during that time, under the provision in sec. 443, Stats. 1911, that the treasurer shall hold his office until his successor be elected or appointed and qualified.

3. The sureties on such treasurer's bond for his first term were, however, held only until the expiration of that term and for such further time as was reasonably necessary for the election and qualification of his successor.

4. Where, at the end of his first term, such treasurer had in his hands a certain amount of school moneys, there was no breach of his bond by reason of his failure to pay over that amount.

to some other person, since he himself was entitled to hold it until his successor qualified; and where he thereafter, while continuing to act as treasurer, rightfully paid out a much larger amount of school moneys, there was no breach for which the sureties on the bond for his first term were liable, although at his death there was a shortage in the funds in his hands.

APPEAL from a judgment of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Reversed.*

This is an action against the sureties upon the official bond of a school district treasurer to recover for an alleged breach thereof. The facts were not seriously in dispute. One John F. Peterson (the principal in the bond in suit, but now deceased) was elected treasurer of the plaintiff school district on the first Monday in July, 1905. He gave the bond in suit conditioned as required by statute in June, 1906, and the bond was approved and filed as provided by sec. 443, Stats. 1911. Peterson acted as treasurer thereafter and was re-elected on the first Monday of July, 1908. On the day preceding that election an auditing committee appointed on June 30th, together with the school district officers, examined the books and vouchers of the treasurer, and ascertained that the amount which appeared to be in his hands as treasurer was $1,299.70. Mr. Peterson was present and participated in the examination and made no objection to the result, but tacitly admitted that it was correct. No inquiry was made as to where the money was or whether it was all in the treasurer's hands, and there is no evidence on the subject in the case. Peterson gave no new bond, but continued to act as treasurer until February, 1911, when he died. During this time he received about $9,000 of school moneys from the town treasurer and disbursed in paying proper expenditures nearly $7,700. At the time of his death it appeared by his books that there should have been in his hands as treasurer $2,615.64, but he was in fact insolvent and had only $423.57 in the bank to his credit as treasurer, which sum has been

paid to the plaintiff district. The complaint demanded judgment for $2,192.07, being the deficiency at the time of Peterson's death, but the court entered judgment for $1,299.70 with interest from July 13, 1908, and the defendants appeal.

For the appellants there was a brief by *N. L. Baker & W. J. Zimmers,* and oral argument by *Mr. Baker.*

*John H. Paul,* for the respondent.

WINSLOW, C. J. The action should have been brought in the corporate name of the district, viz. "School District Number Three of the Town of Lake." Sec. 417, Stats. 1911. The error in the title of the action, however, is not substantial. The district board is made up of the director, the treasurer, and the clerk (sec. 432, Stats. 1911), and it is the duty of the director to prosecute actions for breach of the treasurer's bond "in the name of the district." Sec. 442, Stats. 1911. A recovery in the name of the district board instead of in the name of the district itself would unquestionably bar any second action for the same breach, hence the inaccuracy of the name is not prejudicial.

The trial judge held that, notwithstanding Peterson's failure to give a new bond after his re-election in July, 1908, he continued to be treasurer until his death, under that clause of sec. 443, Stats. 1911 (as construed by *State ex rel. Wheeler v. Nobles,* 109 Wis. 202, 85 N. W. 367), which provides that the treasurer shall hold his office until his successor be elected or appointed and qualified. We see no reason to doubt the correctness of this conclusion. He also held, under *Supervisors v. Kaime,* 39 Wis. 468, and *Fond du Lac v. Moore,* 58 Wis. 170, 15 N. W. 782, that the liability of the sureties "goes no further than as to the $1,299.70 in his hands in July, 1908."

Upon these premises the judge concluded that the sureties could not be held for the deficit existing at the time of Peter-

son's death, but must be held for the $1,299.70 in Peterson's hands in July, 1908, because "the breach occurred when, by the failure to file his new bond within ten days after his re-election, July 3, 1908, his office became vacant and he then failed to pay the amount of $1,299.70 to some person lawfully entitled to receive it." We have been unable to see how this conclusion can be logically reached. If, as the court held (and rightly held under the doctrine of *State ex rel. Wheeler v. Nobles, supra*), Peterson remained treasurer until the time of his death, he was the man and the only man entitled to hold the moneys of the district during that entire time. There was no person lawfully entitled to receive or hold those moneys for the district except himself. No other officer or board has a right to hold a dollar of the moneys of the district except the treasurer. Sec. 444, Stats. 1911. There is no logical escape from the conclusion that there was no breach of the bond by reason of his neglect to pay over the amount in his hands in July to some other person, for the very good reason that there was then no person entitled to receive the money from him, but on the contrary he was entitled to hold it himself until his successor was elected and qualified.

Under the decisions in *State ex rel. Wheeler v. Nobles, supra,* and *Supervisors v. Kainne, supra,* Peterson was *de facto* and *de jure* treasurer during the entire time which he acted, but the sureties upon the bond in suit were only held until the expiration of Peterson's term in July, 1908, and for such further time as was reasonably necessary for the election and qualification of his successor. Such successor should have been appointed by the remaining members of the district board at the expiration of ten days after Peterson's election, when it appeared that he had failed to file a new bond. Secs. 433, 443, Stats. 1911.

No such appointment was made and so Peterson rightly held over, under the doctrine of the *Nobles Case,* but that fact

did not extend the obligations of the bond beyond the reasonable time aforesaid, and that time had long expired before any breach of the bond is shown to have taken place,—in fact, the only breach shown is the breach which occurred at Peterson's death, more than two years afterwards. During those years Peterson had rightfully paid out nearly $8,000 of school moneys. Thus it is rendered certain that long before this breach occurred he had paid out far more than the sum of $1,299.70, which was presumptively in his hands in July, 1908, when he entered on his last term and should have furnished a new bond.

In any view of the case we have been unable to perceive how the sureties can be held liable.

*By the Court.*—Judgment reversed, and action remanded with directions to dismiss the complaint.

TIMLIN, J., dissents.