STATE EX REL. HAZELTON vs. TURNER, Circuit Judge, and another.

*October 11—November 6, 1918.*

*Court commissioners: Vacancy: Acceptance of federal office: Constitutional law: Appointment made by judge while out of state: Filing: Term of office.*

1. Under sec. 3, art. XIII, Const. Wis., acceptance of the office of United States commissioner by a court commissioner of this state *ipso facto* vacated the latter office; and no proceeding to declare the office vacant was necessary.

2. Where the language of a constitutional provision is clear and unambiguous, no room is left for practical construction.

3. The appointment of a court commissioner by the circuit judge is a ministerial or administrative, not a judicial, act. Not being a completed act until filed as required by sec. 113.14, Stats., an appointment made by the judge while out of the state is valid when so filed.

4. Under sec. 113.14, Stats., after the expiration of the term of office of the circuit judge who appointed him, a court commissioner merely holds over until his successor is appointed and qualified, even though the judge has been re-elected and has entered upon another term.

THIS is an action of *mandamus* brought in this court to compel the defendant W. J. TURNER, as circuit judge, to revoke an order terminating the authority of the relator to act as court commissioner in and for Milwaukee county, and also to revoke an order appointing the defendant *Max Nohl* court commissioner in said county in place of relator.

State ex rel. Hazelton v. Turner, 168 Wis. 170.

The facts in the case are set forth in the return to the writ. Prior to May 27, 1905, the relator held the office of court commissioner in Milwaukee county. On this date he held the office pursuant to an appointment which created a term to expire the first Monday of January, 1906. On May 27, 1905, he received and accepted the office of United States commissioner for a term of four years from the last named date. Thereafter the relator received successive appointments to these two offices. On September 18, 1913, defendant Judge TURNER appointed the relator to the office of circuit court commissioner, no term being stated. The relator claims the right to the office under this appointment. At the time of this appointment Judge TURNER was holding office under a term which expired the first Monday in January, 1915. The relator after his first appointment, May 27, 1905, to the office of United States commissioner received, accepted, qualified, and served under successive reappointments to said office, each for a term of four years, the last being dated May 10, 1917. The claim that the relator, by holding the federal office, had vacated his office of circuit court commissioner was called to the attention of the defendant Judge TURNER in December, 1917. The defendant *Nohl* had been circuit court commissioner, his term expiring January 7, 1918. The defendant *Nohl* applied to Judge TURNER for appointment to fill the vacancy alleged to exist by reason of relator's acceptance of the federal office. The defendant Judge TURNER was in Florida at the time, and after some communication with the relator appointed the defendant *Nohl* to fill the office formerly occupied by relator and which he regarded vacant on account of the acceptance by relator of the federal office. The appointment which was made in Florida was duly filed and the defendant *Nohl* qualified and entered upon the duties of his office. A question being raised as to the validity of the appointment made by Judge TURNER while out of the state of Wisconsin and in Florida, Judge TURNER, after his return

172    SUPREME COURT OF WISCONSIN.    [Nov.

State ex rel. Hazelton v. Turner, 168 Wis. 170.

to the state and while in Milwaukee county, reappointed the defendant *Nohl* and the latter again accepted and qualified.

The relator demurred to the return and the issues before the court raise questions of law.

*G. W. Hazelton,* relator, in *pro. per.,* contended, *inter alia,* that early in the history of the state Judge MILLER of the United States district court decided that a United States commissioner did not hold an "office of profit or trust under the United States" within the meaning of sec. 3, art. XIII, Const. That decision was accepted and approved by federal and state judges, by the bar of the state, including the lawyers who were members of the constitutional convention, and by the public at large, and was carried into actual practice without dissent for more than sixty years. That construction is now binding and unassailable. See authorities cited in note to *Ableman v. Booth,* 11 Wis. 498, 522. "Under the United States" means under the United States *government,* and the exception of postmasters indicates that the officers referred to were officers appointed by the same authority as were postmasters. The court commissioners appointed by the federal judges are mere arms of the court, to assist in discharging its duties. *U. S. v. Berry,* 2 McCrary, 58. The United States government has nothing to do with their appointment and no power to remove them. The term of the relator as circuit court commissioner under the statute could not be abbreviated except upon due notice and hearing and due proof of misconduct or of disability. The claim that an arbitrary removal, as in this case, was warranted is inconsistent with the act fixing the term, with public interests, and with the state and federal constitutions. *Perkins v. Auditor,* 79 Ky. 306; *Lucas v. Board of Comm'rs,* 44 Ind. 524; *Stuart v. Palmer,* 74 N. Y. 183; *Westervelt v. Gregg,* 12 N. Y. 202, 209; *Dartmouth College v. Woodward,* 4 Wheat. 518. The appointment of a successor to the relator, made while the judge was outside of the state, was a

nullity.  *Price v. Bayless,* 131 Ind. 437, 31 N. E. 88;
*Buchanan v. Jones,* 12 Ga. 612; *State ex rel. Att'y Gen. v.
Messmore,* 14 Wis. 163; *McIntosh v. Bowers,* 143 Wis. 74,
126 N. W. 548; and other cases.

For the defendants there was a brief by *Doerfler, Green,
Bender & McIntyre,* attorneys, and *Walter H. Bender,* of
counsel, all of Milwaukee, and oral argument by *Walter H.
Bender.*

KERWIN, J.   The contention on the part of the relator is
(1) that the defendant Judge TURNER was in error in his
conclusions to the effect that under the state constitution
the relator's acceptance of the federal office vacated the state
office, hence the appointment of the defendant *Nohl* was un-
authorized and void; (2) that the appointment of defendant
*Nohl* was void because made by defendant Judge TURNER
while he was without the state of Wisconsin; (3) that the
office of relator could not be abbreviated nor could he be
deprived of it without notice and hearing.

1. We see no escape from the proposition of law that
the acceptance by the relator of the office of United States
commissioner operated to vacate *ipso facto* his office of cir-
cuit court commissioner.   The constitutional provision par-
ticularly lays down the rule which governs this case as fol-
lows: "No member of Congress, nor any person holding
any office of profit or trust under the United States (post-
masters excepted) . . . shall be eligible to any office of
trust, profit or honor in this state."   This language is clear
and leaves no question for consideration as to the incom-
patibility of the offices.   Sec. 3, art. XIII, Const. Wis.   Nor
can there be any question that the office of court commis-
sioner is an office of profit or trust under the United States.
It is clearly an office.   *In re Appointment of Revisor,* 141
Wis. 592, 124 N. W. 670.   It is equally clear that it is
an office of both profit and trust and is an office under the
United States.   *U. S. v. Mouat,* 124 U. S. 303, 8 Sup. Ct.

505; *U. S. v. Germaine,* 99 U. S. 508; *U. S. v. Smith,* 124 U. S. 525, 8 Sup. Ct. 595; 2 U. S. Comp. Stats. Anno. (1916) § 1333, p. 2189.

The relator seems to rely upon *U. S. v. Berry,* 2 McCrary, 58, and *State ex rel. Wheeler v. Nobles,* 109 Wis. 202, 85 N. W. 367, but a careful examination of these cases shows that they are distinguishable from the instant case and not controlling on the question now before us. *Foltz v. Kerlin,* 105 Ind. 221, 4 N. E. 439, 5 N. E. 672; Throop, Pub. Off. § 39; 29 Cyc. 1383; *Rodman v. Harcourt,* 4 B. Mon. (Ky.) 224; Mechem, Pub. Off. § 430.

The relator seeks to escape the plain language of the constitutional provision referred to on the ground that the two offices are not incompatible and also on the ground of practical construction.    The question of incompatibility of the two offices is foreclosed by the constitutional provision referred to and not open for consideration.    This provision of the constitution is clear and no room is left for practical construction.    *State ex rel. Postel v. Marcus,* 160 Wis. 354, 152 N. W. 419; *Van Dyke v. Milwaukee,* 159 Wis. 460, 150 N. W. 509; *Lawrence Univ. v. Outagamie Co.* 150 Wis. 244, 136 N. W. 619.

The relator having vacated the office of circuit court commissioner in Wisconsin by the acceptance of the federal office, the defendant Judge TURNER had the power and it was his duty to fill the office, and no proceeding was necessary to declare the vacation of the office.    Mechem, Pub. Off. § 425.

It is further contended by relator that the appointment of the defendant *Nohl* to the office of circuit court commissioner made by defendant Judge TURNER while in Florida was invalid.    The act of appointment was not a judicial act, but ministerial or administrative. *In re Appointment of Revisor,* 141 Wis. 592, 124 N. W. 670.    The appointment is made by the circuit judge, not by the court.    Sec. 113.14,

Stats.; Mechem, Pub. Off. § 104; *In re Appointment of Revisor, supra.*

It appears, however, from the record that after Judge TURNER returned to Wisconsin he made a second appointment of the defendant *Nohl.* If any defect existed in the former appointment made while in Florida, it was cured by the latter. Moreover, the appointment was not a completed act until filed in the city of Milwaukee as required by sec. 113.14, Stats., therefore we are convinced that the appointment made in Florida, when filed as required by the statute, was a valid appointment.

2. It appears from the record that the last appointment of the relator made to the office of circuit court commissioner was made by Judge TURNER on September 18, 1913. Judge TURNER was then serving a term of office which expired on the first Monday of January, 1915. Sec. 113.14, Stats., provides that the court commissioner "shall hold office during the term of office of the judge who appointed him, and until his successor is appointed and qualified, unless sooner removed by the judge appointing him." The term of Judge TURNER expired on the first Monday of January, 1915. Sec. 113.01, Stats. So that after the expiration of the term of Judge TURNER which expired January, 1915, the relator was merely holding over as circuit court commissioner, therefore his term as such holdover officer was subject to be terminated at any time at the will of defendant Judge TURNER by the appointment of a successor, and was terminated when the defendant *Nohl* was appointed and qualified. Mechem, Pub. Off. § 401.

*By the Court.*—The writ is denied without costs.

OWEN, J., took no part.