34    SUPREME COURT OF WISCONSIN.   [Oct.

State ex rel. Stark v. Hines, 194 Wis. 34.

STATE EX REL. STARK, Appellant, vs. HINES, Respondent.

*September 15—October 11, 1927.*

*Officers: Vacation of office by incumbent accepting incompatible office: Municipal judge and city attorney.*

1. The acceptance by an incumbent of one office of another incompatible one vacates the first, except in a case where the official cannot, by his own act, vacate such first office.   p. 36.
2. A municipal judge, by accepting the incompatible office of city attorney, thereby created a vacancy in the office of judge, precluding further claim by him to the latter office on the appointment and qualification of his successor. [*State ex rel. Wheeler v. Nobles,* 109 Wis. 202, overruled.]   p. 36.

APPEAL from a judgment of the circuit court for Barron county: W. R. FOLEY, Circuit Judge. *Affirmed.*

*Quo warranto* brought to test title to the office of second municipal judge of Barron county.   The respondent died pending hearing in this court, and the administratrix of his estate was substituted in his stead by stipulation, and order of this court.

The cause was submitted for the appellant on the brief of *Bundy, Beach & Holland* of Eau Claire, and for the respondent on that of *Coe Brothers* of Barron.

CROWNHART, J.   The facts are not in dispute.   So far as material to the issue they are: The appellant was elected to the office of second municipal judge of Barron county in April, 1923, for a four-year term, qualified, and assumed the duties of the office.   At the same time he was elected to

the office of city attorney of Rice Lake, qualified, and assumed the duties of that office. He held both offices until April, 1925, when he was again elected to the office of city attorney. He again qualified as city attorney and assumed the duties of such office. He continued in the office of second municipal judge and performed the duties thereof. The respondent was appointed to the office of second municipal judge in February, 1926, qualified, possessed the office, and assumed the duties thereof. Thereupon the appellant brought *quo warranto* to oust respondent and to regain the office for himself, together with the emoluments thereof retained in the meantime by respondent.

The circuit court denied appellant's claim, and entered judgment dismissing the writ, with costs to respondent. Appellant appealed.

It is the contention of appellant that respondent was illegally appointed and had no right to the office, on the ground that there was no vacancy in the office at the time. The statute creating the office fixed the term at four years and until a successor should be elected and qualified. The appellant's counsel contend that this case is ruled by *State ex rel. Wheeler v. Nobles,* 109 Wis. 202, 85 N. W. 367, where it was held that a school treasurer could not vacate his office during his term, under a similar statute, by accepting an election to the office of school clerk. But the court there affirmed the general rule of the common law, as follows:

"There can be no doubt about the general proposition that he who, while occupying one office, accepts another incompatible with the first, *ipso facto* absolutely vacates the first office, and his title is thereby terminated without any other act or proceeding. This was the rule of the common law and has been recognized and accepted in many jurisdictions." *State ex rel. Wheeler v. Nobles,* 109 Wis. 202, 204, 85 N. W. 367.

This court held in *State ex rel. Johnson v. Nye,* 148 Wis. 659, 135 N. W. 126, following the rule quoted from the

*Wheeler Case,* that the acceptance by the incumbent of one office of an incompatible office vacated the first office, except in a case where the official cannot, by his own act, vacate the first office. The school treasurer, in the *Wheeler Case,* under the statute (sec. 961, Stats. 1898), could have resigned his office of treasurer and then could have accepted the office of clerk, had he followed the statutory method. The reason there given by the court for departing from the general rule, therefore, would fail to keep an unwilling incumbent in office. We have no doubt that the rule adopted in the *Nye Case* is correct.

In the instant case the appellant attempted to hold two incompatible offices, contrary to public policy. He was at liberty to resign his office of municipal judge and accept the office of city attorney. He did not resign, but under the common-law rule he created a vacancy in the office of judge by accepting the incompatible office of city attorney. As soon as the vacancy was filled by appointment of the governor, and his successor qualified, he had no further claim to the office.

*State ex rel. Wheeler v. Nobles, supra,* must be considered as overruled.

*By the Court.*—The judgment of the circuit court is affirmed.