DARWIN L. ZWIEG, District Attorney Clark County
You request my opinion on three questions which are related to the following circumstances which you represent as factual. One David Bertz was elected Sheriff of Clark County at the November 1982 general election for a statutory two-year term ending the first Monday in January 1985. He was sworn in and qualified prior to his election in April 1983 as supervisor of the Town of Hewett in Clark County. He accepted the latter office and served therein until *Page 84 
resigning as town supervisor on or about May 12, 1984, after having been advised that Wisconsin Constitution article VI, section 4(3) provides: "Sheriffs shall hold no other office . . . ." You state that Clark County has abolished the office of undersheriff.
Your questions as restated and renumbered and my answers are:
 1. Did David Bertz vacate the office of sheriff by accepting the office of town supervisor during the term for which he was elected?
The answer is yes. He can, however, continue to perform the duties of the office until his appointed or elected successor qualifies.
 2. If Bertz did vacate the office of sheriff when he accepted the office of town supervisor, is he entitled to the salary paid him as sheriff after acceptance of the office of town supervisor?
The answer is yes, if he performed the duties in good faith and there was no other claimant for such office.
 3. Would the fact that Bertz held the office of sheriff at the time he assumed the office of town supervisor have any effect on the validity of town resolutions and ordinances he voted upon?
The answer is no. He was not ineligible to the office of town supervisor but served in a de jure capacity therein.
A sheriff is a constitutional officer chosen by the electors of the county for a two-year term. Wis. Const. art. VI, § 4(1). The regular term commences on the "first Monday next succeeding his election and shall continue 2 years and until his successor qualifies." Sec. 59.12, Stats. A sheriff is removable by the Governor for cause after hearing and where a vacancy exists, the power to appoint a successor is with the Governor. Wis. Const. art. VI, §§ 4(4) and (5); secs. 17.09(5) and 17.21(1), Stats.
The recent revision of the town laws, 1983 Wisconsin Act 532, does not become effective until January 1, 1985. The applicable law with respect to town supervisor is found in present sections 60.19, 60.20 and 60.21 which clearly establish the position of supervisor as an office. Since the position of town supervisor is an office, it is constitutionally *Page 85 
incompatible with the office of sheriff by reason of Wisconsin Constitution article VI, section 4(3). The common law as to compatibility of offices was in force in the territory of Wisconsin at the time the Constitution was adopted and continues in force until altered or suspended by the Legislature. Wis. Const. art. XIV, § 2. That rule is that the acceptance, by an incumbent of one office, of another office incompatible with the first ipso facto absolutely vacates the first, and the incumbent's title is thereby terminated without any act or proceeding. State ex rel. Stark v. Hines, 194 Wis. 34,215 N.W. 447 (1927). This principle was approved in Martin v. Smith,239 Wis. 314, 326, 1 N.W.2d 163 (1941).
By accepting the office of town supervisor at the time he already held the office of sheriff, Bertz vacated the office of sheriff in the sense that he gave up all right and title to it. Section 17.03(10) is applicable, and provides:
 Any public office . . . shall become or be deemed vacant upon the happening . . . .
. . . .
 (10) . . . [O]f any other event which is declared by any special provision of law to create a vacancy.
He had de jure status at least until the time he accepted the incompatible office of supervisor. Upon accepting the incompatible office he at least continued as de facto sheriff.State ex rel. Thompson v. Gibson, 22 Wis.2d 275, 125 N.W.2d 636
(1963). The Supreme Court has stated that, as a general rule, all that is required to make an officer de facto is that the individual claiming the office be in possession of it, performing its duties and claiming to be entitled to such office under color of an election or appointment. State ex rel. Reynolds v. Smith,22 Wis.2d 516, 522, 126 N.W.2d 215 (1964). Walberg v. State,73 Wis.2d 448, 463, 243 N.W.2d 190 (1976). "If the offices exist dejure, then it is the settled doctrine of the Supreme Court as well as of other courts that all persons who are in the exercise of the duties of such offices by color of law are officers defacto, and their acts are valid." Cole v. The President andTrustees of The Village of Black River Falls, 57 Wis. 110,113-14, 14 N.W. 906 (1883). "While the right to hold an office when tenure is based only on a de facto status may be attacked directly, the officer's acts are valid as to the public, and third parties *Page 86 
and cannot be attacked collaterally." Burton v. State AppealBoard, 38 Wis.2d 294, 304, 156 N.W.2d 386 (1968).
His act of resigning the office of supervisor would not restore any right to the office of sheriff in such individual if there were an under-sheriff, or as against a successor appointed by the Governor. In 67 C.J.S. Officers § 32 (1978), it is stated: "One who vacates an office by acceptance of an incompatible office is not restored to the first by resignation from the second." The office is vacant in the sense that the Governor has power to appoint a successor pursuant to section 17.21(1).
Acts of a person apparently in possession of an office by color of authority and performing the duties of the offices in good faith are valid. Silgen v. Fond du Lac, 225 Wis. 335,274 N.W. 256 (1937).
A de facto officer may be entitled to the compensation incident to the office where he or she rendered services in good faith and there was no other person who could properly claim the salary.State ex rel. Elliott v. Kelly, 154 Wis. 482, 489, 143 N.W. 153,156 (1913). Where there is no de jure officer claiming the office, a de facto officer is entitled to the salary of the office when the de facto officer has entered upon the duties of the office in good faith and pursuant to apparent authority.State ex rel. Reynolds v. Smith, 22 Wis.2d 516, 522-23,126 N.W.2d 215 (1964). Bertz probably has at least de facto status as a holdover until his successor is appointed or elected and qualifies. He could not foreclose the Governor from exercising power to fill the vacancy, although the title to the office might not be established until after a successor were appointed and such successor sought court action in the nature of quo warranto
should Bertz refuse to physically vacate the premises.
BCL:RJV