WASHINGTON LIGHTING COMPANY, Appellant, *v.* J. MILTON DIMMICK and MAURICE J. POWER, Respondents

*The validity of a corporate election — not determined upon a motion for a temporary injunction — form and forum of such an action in the case of a foreign corporation.*

Where an action, brought by a foreign corporation to enjoin the defendants from representing themselves as officers thereof, and from interfering with its business or property, involves the determination as to the validity of an election at which it is alleged that successors of the defendants were elected, the question will not be determined upon a motion for an injunction *pendente lite.*
*Quære,* whether the action was brought in the proper form and forum.

APPEAL by the plaintiff, Washington Lighting Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of April, 1899, denying the plaintiff's motion for an injunction *pendente lite.*

*Alfred B. Cruikshank,* for the appellant.

*Samson Lachman,* for the respondents.

INGRAHAM, J. :

We think the court below was right in denying this motion upon the ground stated in the opinion of the learned judge who heard the application.* It is sought in this action to determine the validity of an election for president and treasurer of the corporation in place of the defendants, who, prior to this alleged election, had filled those offices; which election it is claimed removed the defendants from their respective offices. The title to the office of president and treasurer of the corporation being in dispute, it is

---

* The following is the opinion of the court below:

BOOKSTAVER, J. :

The plaintiff is a Maine corporation.

The action is to enjoin the defendants from representing themselves to be officers of the company or interfering with its business or property. Prior to February 6, 1899, the defendants concededly were the president and treasurer respectively of the company. The controversy is whether they are still such. On that date the four directors then acting, two of whom were these defendants, met and unanimously elected one Benedict to fill a vacancy on the board that had been caused by the resignation of the fifth director. Benedict and his two associates, other than the defendants, subsequently held a meeting after due notice, and, dissensions having meanwhile arisen, voted to remove the defendants from their respective offices as president and treasurer, and elected Benedict and another director named Houston in their place. Action was also taken reversing the policy of the corporation on a number of very important matters. At the threshold of the case lies the question whether Benedict was legally elected a director, and that depends wholly upon whether, on the day of his alleged election, he was a stockholder within the meaning of the by-law of the corporation, which provided that "no person shall be eligible as a director unless he shall be a stockholder of the company." It is not pretended that he was then a stockholder of record, although two shares were transferred to him on the books before he assumed to act as a director.

It is claimed, however, that he was in fact a stockholder, and had been for several years the holder of 834 shares. These were shares of a New Jersey corporation of a similar name, and which was consolidated with the plaintiff; and, under the terms of the consolidation agreement, Benedict became entitled to the same number of shares in the new company, this plaintiff.

It would, therefore, not only seem that he was not a shareholder of record, but there is no statement even that the stock he was entitled to claim was ever in fact issued to any one.

sought by a temporary injunction to determine that question; and where the question is not free from doubt, even if the court upon the trial of this action would grant the plaintiff any relief, it would have been improper upon a motion of this kind to oust by a temporary injunction the defendants from the offices which they claimed to hold.

The order appealed from was right and should be affirmed, with ten dollars costs and disbursements.

PATTERSON, O'BRIEN and MCLAUGHLIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.

Whether such an interest was enough to constitute him a stockholder within the meaning of the by-law above quoted is a very grave question. It is also a question which, in my opinion, should be determined in a proper proceeding to test the title to the office brought in the State by which the corporation was created. Section 1948 of the Code of Civil Procedure provides the form of remedy appropriate to such a case as this, where the corporation is a domestic one; but I know of no authority for any analogous proceedings in the case of a foreign corporation. As to the form of the action here attempted, the language used in *Ciancimino* v. *Man* (1 Misc. Rep. 121), is quite in point: "A court of equity has no inherent power to try the disputed title to corporate office, and to enjoin one in possession from the exercise of its functions at the suit of a rival claimant." "Such may be done and judgment of ouster rendered only in an action in the nature of a *quo warranto*, instituted by the Attorney-General on behalf of and in the name of the people." While this action purports, in its title, to be brought by the corporation, it is in reality a contest between rival claimants for its control, and is consequently the kind of action that it was there said could not be maintained.

Furthermore, there are so many charges and countercharges in the affidavits of bad faith and a purpose to pervert official power to personal ends, and not to act for the interest of the corporation as a whole, that I should hesitate long before granting an interim injunction, considering the case upon this point alone and apart from any of the questions first discussed.

The application is denied, with ten dollars costs.