Merchants Loan and Investment Corporation, Respondent, *v.* William Abramson and Others, Appellants, Impleaded with Ephraim Flescher and Others, Defendants.

First Department, October 30, 1925.

Pleadings — motion for judgment under Rules of Civil Practice, rule 112 — affidavits not considered on motion — corporations — action by corporation to restrain defendants who claimed to be directors from interfering with directors previously elected — action in equity to determine title to corporate office not maintainable — remedy must be had under Civil Practice Act, § 1208, or under General Corporation Law, § 32.

On a motion for judgment on the pleadings, made under rule 112 of the Rules of Civil Practice, the court will not consider affidavits by the parties but will determine the motion on the pleadings alone.

An action is not maintainable by a corporation to restrain the defendants, who claimed to be the directors thereof and to have been elected at a special meeting of the stockholders, from interfering with the directors previously elected and the officers and managers of the corporation, since it is an action in equity to determine the title to office of the respective directors.

The remedy available to the plaintiff is by an action in the nature of quo warranto under section 1208 of the Civil Practice Act or by a summary proceeding under section 32 of the General Corporation Law to determine the validity of the election.

Appeal by the defendants, William Abramson and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of August, 1924, granting plaintiff's motion for judgment on the pleadings, and also from a judgment in favor of the plaintiff entered in said clerk's office on the 13th day of September, 1924, pursuant to said order.

The judgment entered in this action restrains the defendants from acting as officers and directors of the plaintiff corporation.

*Reuben Dorfman,* for the appellants.

*Reuben Brown,* for the respondent.

Finch, J.:

This appeal brings up for determination a single question of law, namely, whether the complaint states a cause of action. This question is presented by the plaintiff's motion for judgment on the pleadings.

Although affidavits are in the record, the court must determine this motion solely upon the pleadings, since the motion was made under rule 112 of the Rules of Civil Practice. Under this rule

pleadings are to be taken at their face value, without reference to the merits as shown by affidavits. As was said by Mr. Justice McAvoy in *Germini* v. *New York Central Railroad Co.* (209 App. Div. 442): " Respondent, however, claims that inasmuch as the date of declination of claim was decisive in this case, it must be determined as a question of fact by a jury, that no reliance can be placed on affidavits to substantiate such date, and that the motion can only be decided upon the complaint alone. The motion was made under rule 112 of the Rules of Civil Practice, which permits determination upon the pleadings, not upon the complaint alone. * * * The grounds of the motion to dismiss were based upon the allegations of the complaint, and this defendant's answer thereto. Copies of the claim and carriers' declination were annexed to and made a part of the answer. The date of said letter of declination, or the receipt thereof, by the attorneys for the plaintiff herein, however, are deemed controverted under section 243 of the Civil Practice Act, and since under rule 112 of the Rules of Civil Practice affidavits cannot be considered, the proof of the date of claim and its declination must be disregarded."

From the allegation of the complaint it appears that the action was brought by the corporation at the behest of directors and officers who were elected at the annual stockholders' meeting held on January 9, 1923; that a former director who had failed of reelection conspired with certain of the other defendant stockholders to annoy, harass, embarrass and prevent the plaintiff and its board of directors from carrying on the business of the plaintiff, and to that end, among other things, a special meeting for the election of new directors was held on June 26, 1923, and seventeen of the stockholders elected as a board of directors of the corporation and as officers thereof; that the officers and directors elected as aforesaid at the meeting of June twenty-sixth thereafter attempted forcibly to remove the manager of the corporation, and by force and violence to take possession of the property and assets of the corporation. Judgment is asked enjoining the defendants from such interference and from the commission of various other acts tending to interfere with the management of the corporate business by its officers and directors who were elected on January 9, 1923.

It must be noted that the answer in the record contains certain denials, but it adequately appears that these have all been stricken out upon a motion by the court at Special Term. From the order entered thereon an appeal was taken to this court, but the appeal was dismissed for lack of prosecution. (See 209 App. Div. 810.) The only allegation, therefore, remaining in the answer is that the complaint does not state facts sufficient to constitute a cause of

action. The court at Special Term held that the complaint was sufficient, and granted the plaintiff's motion for judgment on the pleadings; hence this appeal.

It has long been settled by the decisions of our courts that actions such as the one attempted to be stated by this complaint do not lie in equity. This for the reason that the controversy cannot finally be determined without trying out the title to the offices of directors and officers as between these two contending factions of this corporation. The plaintiff, respondent, assumes that the present incumbents are the ones rightfully in office, and hence that the action involves the simple proposition that, being lawfully in office, they may enjoin those who are unlawfully interfering with their rights. Without, however, in any way expressing an opinion concerning the matter, it may well be that the defendants are the ones rightfully entitled to office. In any event, it is clear that the real question which will be presented for determination is which set of officers and directors was lawfully elected and entitled to office. The rights to these offices are legal and not equitable, and have always been determined by an action at law in the nature of a quo warranto, and also, since 1890, through summary proceedings provided by what is now section 32 of the General Corporation Law. (*Matter of Ringler & Co.*, 204 N. Y. 30.) As was said by Mr. Justice CLARKE (now presiding justice) in *Moir* v. *Provident Savings Life Assurance Soc.* (127 App. Div. 591, 603): " In *Washington Lighting Co.* v. *Dimmick* (41 App. Div. 596) the action was to enjoin defendants from representing themselves to be officers of the company or interfering with its business or property. The defendants concededly had been the president and treasurer of the company. The controversy was whether they were still such. The court at Special Term held that section 1948 of the Code of Civil Procedure* provides the form of remedy appropriate to such a case as this where the corporation is a domestic one, and said, quoting from *Ciancimino* v. *Man* (1 Misc. Rep. 122): ' " A court of equity has no inherent power to try the disputed title to corporate office and to enjoin one in possession from the exercise of its functions at the suit of a rival claimant." " Such may be done and judgment of ouster rendered only in an action in the nature of a quo warranto instituted by the Attorney-General on behalf of and in the name of the people." While this action purports in its title to be brought by the corporation, it is in reality a contest between rival claimants for its control, and is consequently the kind of action that it was there said could not be maintained.' This court then said: ' We think the court below was right in

* See Civ. Prac. Act, § 1208, revising Code Civ. Proc. § 1948, subd. 1.—[REP.

denying this motion upon the ground stated in the opinion of the learned judge who heard the application.' * * *

" I do not think that the plaintiff is entitled to bring the action at bar, nor do I think that the action is cognizable in equity. It is not an action in quo warranto, nor is it a summary proceeding to determine the election of directors * * *."

In *People ex rel. Corscadden* v. *Howe* (177 N. Y. 499), CULLEN, J., said: " As early as the case of *Tappan* v. *Gray* (9 Paige, 507) it was held by the Chancellor that the Court of Chancery had no jurisdiction to enjoin at the suit of the incumbent of an office the intrusion of a hostile claimant illegally appointed to the office. This decision was unanimously affirmed by the Court of Errors (7 Hill, 259). * * * The doctrine declared in *Tappan* v. *Gray* has been almost invariably followed in this State, there being only one reported case to the contrary. * * * The exception referred to is *Palmer* v. *Foley* (45 How. Pr. 110). * * * We are not impressed with the theory on which the Superior Court upheld the action."

It follows that the judgment and order appealed from should be reversed, with costs, the plaintiff's motion denied, and judgment directed in favor of the defendants dismissing the complaint, with costs.

CLARKE, P. J., MERRELL, McAVOY and BURR, JJ., concur.

Judgment and order reversed, with costs, the plaintiff's motion denied, and judgment directed to be entered in favor of defendants dismissing the complaint, with costs.