REPUBLIC CORPORATION, Respondent, v. VICTOR M. CARTER, Appellant.

First Department, October 22, 1964.

*David W. Peck* of counsel (*Ben Herzberg* and *Alvin H. Schulman* with him on the brief; *Hays, Sklar & Herzberg,* attorneys), for appellant.

*Roy M. Cohn* of counsel (*William R. Glendon, William J. O'Shea, Jr., Leslie Srager* and *Royall, Koegel & Rogers* with him on the brief; *Saxe, Bacon & O'Shea,* attorneys), for respondent.

RABIN, J. The principal issue presented for our determination is one which may be stated rather simply. May the call for a special stockholders' meeting made by the president of the plaintiff corporation, pursuant to authority granted him by the by-laws, be cancelled by the board of directors or by his successor as president, where no such cancellation power is granted in the by-laws? Special Term determined that the meeting could be so cancelled. The defendant, the president of the corporation at the time the call was made, appeals from the order entered on such determination.

This controversy is, in reality, between the defendant, Carter, the president of the plaintiff corporation for many years, and a group representing the B. S. F. Company, a corporation which gained control of a majority of the plaintiff's board of directors upon their purchase of 10% of the stock. The differences between them stem from what appears to be a struggle for corporate control.

For a short period after the entry of B. S. F. upon the scene, relations between Carter and the other board members were harmonious. However, after differences arose, and on May 7, 1964, Carter, as president, issued a call for a special stockholders' meeting to be held on June 24, 1964. The stated purpose of the meeting was to (1) adopt a new by-law authorizing the removal of directors by the stockholders, with or without cause, and if approved, to remove and replace the B. S. F. directors,* and to (2) adopt an amendment to the certificate of incorporation and by-laws to provide for an increase in the number of directors. It should be noted that the adoption of either resolution would have afforded Carter an opportunity to wrest control from the B. S. F. group.

On June 12, 1964 the majority of the directors voted to cancel the call for the special meeting, to remove Carter as president, and to elect one Huffines as his successor. In addition to the

---

* Subsequently, by reason of a conclusion that there was doubt as to the power of the stockholders to take such action, this first proposal to amend the by-laws in this respect was withdrawn.

purported cancellation voted by the directors, Huffines, upon his election as president, took similar action.

The instant action was commenced on June 26, 1964 by the corporation against Carter and, upon application for summary judgment, Special Term granted the relief sought, namely: a declaration that the meeting called by Carter had been cancelled and enjoining Carter from holding himself out as the president of the plaintiff. It is from the order granting such relief that this appeal is taken.

The president's power to call a special stockholders' meeting is found in article I of the corporate by-laws which provides in pertinent part as follows: " Special meetings of the stockholders for any purpose or purposes  *  *  *  may be called by resolution of the Board of Directors, or by the President, and shall be called by the President or Secretary at the request in writing by stockholders of record owning a majority in amount of shares of stock of the Corporation ".

The plaintiff concedes that Carter, as president, had the right to call the special meeting. It is argued, however, that such power is perforce subject to the superior power of the board of directors to cancel such a call. This follows, plaintiff says, because the president is only an agent and servant of the board — a body with superior standing in the corporate hierarchy and to whose direction he is subject at all times. As a result, it is contended, the board has the implicit power to cancel a special meeting called by the president. In addition, it is urged that the power granted to the president to call such a meeting was merely of a ministerial nature, so as to enable him to call meetings where the directors were deadlocked or where the members of the board were geographically dispersed. We cannot sustain these contentions of the plaintiff.

If the by-law were to expressly provide that a call made by the president could not be overridden by the board, there could be no question but that the call would be impervious to veto. While there is no language to that effect in the by-law before us, we hold that there need be none to reach the same result. The power of the president to call the special meeting is expressly granted by the stockholders through the by-law and, absent something in the language of the by-law or even dehors the same, pointing to an intention to authorize the board to cancel, we will not, nor should we, rewrite the by-law so as to dissipate such power. In this connection it is significant to note that the predecessor by-law of the one here in issue did provide that the president could call a special stockholders' meeting only upon the

request of a specified number of directors. When such limitation was intended, it was expressly provided for.

Nor may the call issued by the president be deemed cancelled on the ground that his action in issuing such a call constitutes an unlawful attempt to interfere with the management prerogatives of the board. Amendment of the by-laws so as to increase the number of directors on the board is a proper subject for stockholder consideration. (See *Campbell* v. *Loew's Inc.*, 36 Del. Ch. 563.)

It is also urged that even if the board's purported cancellation was ineffective, the subsequent action by the new president, Huffines, sufficed to accomplish such a result. In advancing such argument the plaintiff contends that if a president had the power to call the meeting, a president of necessity had the power to cancel such a call and that right to cancel resides in the office rather than the individual. Whether or not such a contention would be a valid one if the identity of the person occupying the office of president remains the same, need not now be determined. Here the original call was made by the defendant, Carter. He was then discharged by the board of directors and Huffines was elected in his place. Huffines then issued the purported cancellation. To conclude, as we have, that the board of directors could not directly cancel the special meeting called by Carter but that it could do so through the device of replacing the president, would be illogical. If the by-law gave the president the right to call a special meeting — a call immune to assault by the board of directors — it must follow that the board could not, by discharging the president and electing a new one, do indirectly what it could not do directly.

Plaintiff contends that to support defendant's position would lead to absurd results in that a disgruntled president could use the power to call special meetings to place before the stockholders all types of disputes — no matter how trivial — so as to completely disrupt the normal functioning of the corporation. Plaintiff's fears in this regard are without foundation. All that we now hold is that where a corporate president calls a special stockholders' meeting for a purpose properly requiring stockholders' action under a by-law giving him the power to do so without limitation, such call may not be cancelled by the board of directors, either directly or indirectly. If such power is abused, or if the shareholders do not desire to grant such power to a president the simple solution is to amend the by-law to limit such power. However, where no such limiting desire is manifest in the by-law we ought not to impose such a limita-

tion where it may well have been the stockholders' intention to so empower the president to insure that all disputes warranting their attention may be more readily presented to them. Particularly so where a prior limitation on the power of the president to call a meeting had been withdrawn by amending the by-law.

Also before us for review is that portion of the relief granted as enjoined the defendant, Carter, from holding himself out as president of the corporation. In arguing that summary judgment in this respect was improperly granted, defendant contends that the relief granted is unavailable in this type of equity action and that, in any event, there were triable issues of fact present.

Defendant argues that a question involving a disputed title to a corporate office may only be resolved in a stockholder's action pursuant to section 619 of the Business Corporation Law, or by way of a quo warranto proceeding brought by the Attorney-General. Reliance for this conclusion is placed upon *Merchants Loan & Inv. Corp.* v. *Abramson* (214 App. Div. 252, affd. 242 N. Y. 587). While that case does hold that the aforesaid methods are the exclusive ones available to determine the rightful incumbent of an office it is nonetheless inapposite. Those proceedings would appear to be applicable only where the results of a corporate election are in dispute or where a person, not entitled to an office, has, under color of an election, wrongfully usurped the same and acts as such officer. That is not the situation here. Here there is no election in dispute, nor has Carter usurped the office of president from which plaintiff seeks to expel him.

Defendant also contends that there is a triable issue of fact present as to whether his discharge as president was made in good faith for the benefit of the corporation or merely for the selfish interests of the B. S. F. group. However, the by-law provides that the board of directors may remove any officer "with or without cause." Such broad power — in the face of the irreconcilable differences existing between the majority of the board and the defendant — supports the validity of the discharge. In our opinion there is nothing to be tried in a situation where a board of directors discharges a dissenting and unco-operative president under such a by-law. We can no more read into this by-law what is not there, than we could with reference to the by-law authorizing the call of special meetings. In this context it is immaterial whether the judgment of the board or the judgment of the president on the matters in dispute is ultimately determined to be correct. To hold otherwise would be at variance with the basic principles of corporate operation and management.

Accordingly, the order appealed from should be modified to strike therefrom the declaration that the meeting had been cancelled and as to provide that no effective cancellation had been made, and, as so modified otherwise affirmed, without costs. Settle order.

BREITEL, J. P., STEVENS, EAGER and STEUER, JJ., concur.

Order, entered on August 7, 1964, unanimously modified to strike therefrom the declaration that the meeting had been cancelled and as to provide that no effective cancellation had been made, and, as so modified, is otherwise affirmed, without costs. Settle order on notice.